# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LLOYD W. BAILEY,<br><br>WILLIAM L. CAWLEY and<br>NORMA A. CAWLEY,<br><br>C. ROBERT CLARKE and<br>JOANNE CLARKE,<br><br>HAROLD A. COOPER and<br>RUTH COOPER, Dec'd,<br><br>ARTHUR B. GAUSS and<br>MIRIAM J. GAUSS,<br><br>VAUGHN GREGOR and<br>AUDREY GREGOR,<br><br>ISMAEL O. JAMORA and<br>DEANNA A. JAMORA,<br><br>STEVEN J. KOEHLER and<br>JANIS Z. KOEHLER,<br><br>W. JOHN O'SHAUGHNESSEY,<br>MARJORIE O'SHAUGHNESSEY,<br><br>THOMAS W. UMBERGER, and<br><br>LYNDON C. WEBERG,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | FILED<br>MAR 22 2006<br>U.S. COURT OF<br>FEDERAL CLAIMS<br><br>CIVIL NO. 06-222 T |

R:\DOCS\TAXCONT.T\TGWC2026.EL1.wpd

# PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiff Lloyd W. Bailey ("Bailey") is a citizen of the United States of America ("USA") whose address is 3813 Hawthorne Road, Rocky Mount, NC 27804.

2. Plaintiffs William L. Cawley and Norma A. Cawley (the "Cawleys") are citizens of the USA whose address is 1560 East Rose Street, Owatonna, MN 55060.

3. Plaintiffs C. Robert Clarke and Joanne Clarke (the "Clarkes") are citizens of the USA whose address is 4861 Memory Lane, Shingle Springs, CA 95682.

4. Plaintiffs Harold A. Cooper and Ruth Cooper, Dec'd (the "Coopers") are citizens of the USA whose address is 2809 Las Piedras Drive, Burlingame, CA 94010-5828.

5. Plaintiffs Arthur B. Gauss and Miriam J. Gauss (the "Gausses") are citizens of the USA whose address is 145 Jordan Avenue, San Francisco, CA 94118-2565.

6. Plaintiffs Vaughn Gregor and Audrey Gregor (the "Gregors") are citizens of the USA whose address is 465 Castle Place, Beverly Hills, CA 90210.

7. Plaintiffs Ismael O. Jamora and Deanna A. Jamora (the "Jamoras") are citizens of the USA whose address is 2010 Mount Vernon Avenue, Point Pleasant, WV 25550.

8. Plaintiffs Steven J. Koehler and Janis Z. Koehler (the "Koehlers") are citizens of the USA whose address is 200 Turman Dr., Fort Collins, CO 80525-9375.

9. Plaintiffs W. John O'Shaughnessey and Marjorie O'Shaughnessey (the "O'Shaughnesseys") are citizens of the USA whose address is 460 Pine Vista, Macon, GA 31204.

10. Plaintiff Thomas W. Umberger ("Umberger") is a citizen of the USA whose address 8101 E. Dartmouth #25, Denver, CO 80231.

11. Plaintiff Lyndon C. Weberg ("Weberg") is a citizen of the USA whose address 3362 E. Broadway Blvd., Tucson, AZ 85716-5824.

12. The Defendant is the USA.

13. This is a suit arising under sections 7422, 6401, 6402, 6404, 6230, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

14. Jurisdiction is conferred upon the Court by Title 28, §1346(a)(1) and §1491(a) of the United States Code.

COUNT ONE
BAILEY
(Calendar Year 1983)

15. Lloyd W. Bailey filed a timely federal income tax return for calendar year 1983 and paid the taxes reported due on that return. His taxpayer identification numbers, as reflected on that tax return, was XXX-XX-2936.

16. For 1983, Bailey was a limited partner in Dillon Oil Technology Partners, ("Dillon Oil" or "the partnership"). Dillon Oil was one partnership in the "Elektra" partnership group.

17. Dillon Oil timely filed its 1983 Form 1065, partnership tax return.

18. On August 25, 2003, the IRS assessed tax of $17,475.00 and interest and penalty interest of $123,810.49 against Bailey for 1983 arising from his partnership investment. The IRS assessed additional interest on November 24, 2003, and March 1, 2004.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

19. The IRS applied an advance remittance Bailey made on June 3, 2003, toward the 1983 assessments, and Bailey then paid the liabilities in full.

20. On July 12, 2005, Bailey filed with the IRS a claim for refund of penalty interest for $40,896.41.

21. The IRS has not disallowed that claim.

22. As grounds for recovery, Bailey restates the averments set forth in the Explanation to his refund claim for 1983:

a. The IRS issued a Notice of Final Partnership Administrative Adjustment ("FPAA") to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some "tax motivated transactions" ("TMTs") under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th

Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to Bailey a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. Bailey is not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had

been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against Bailey was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

23. Over six (6) months have elapsed since Bailey filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

24. Bailey is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT TWO
BAILEY
(Calendar Year 1984)

25. Bailey filed a timely federal income tax return for calendar year 1984 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, was XXX-XX-2936.

26. For 1984, Bailey was a limited partner in Dillon Oil.

27. Dillon Oil timely filed its 1984 Form 1065, partnership tax return.

28. On August 25, 2003, the IRS assessed tax of $16,686.00 and interest and penalty interest of $99,270.48 against Bailey for 1984 arising from his partnership investment.

29. The IRS applied an advance remittance Bailey made on June 3, 2003, toward the 1984 assessments, and Bailey then paid the liabilities in full.

30. On July 12, 2005, Bailey filed with the IRS a claim for refund of penalty interest for $33,012.87.

31. The IRS has not disallowed that claim.

32. As grounds for recovery, Bailey restates the averments set forth in the Explanation to his refund claim for 1984:

a. The IRS issued an FPAA to the partnership for 1984. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been

established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On June 30, 1988, a combined Tax Court petition for tax years 1984 and 1985, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 16768-88.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to Bailey a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to

a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. Bailey is not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT.

If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against Bailey was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation

§301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

33. Over six (6) months have elapsed since Bailey filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States,or in any judicial proceeding, including any in the Tax Court of the United States.

34. Bailey is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT THREE
CAWLEY
(Calendar Year 1983)

35. William L. Cawley and Norma A. Cawley filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-0503 and XXX-XX-1034, respectively.

36. For 1983, Mr. Cawley was a limited partner in Drake Oil Technology Partners, ("Drake Oil" or "the partnership"). Drake Oil was one partnership in the "Elektra" partnership group.

37. Drake Oil timely filed its 1983 Form 1065, partnership tax return.

38. On June 2, 2003, the IRS assessed tax of $12,304.00 and interest and penalty interest of $76,483.91 against the Cawleys for 1983 arising from Mr. Cawley's partnership investment.

39. The IRS applied advance remittances Cawley made on August 14, 2002, and May 20, 2003, toward the 1983 assessments, and refunded the excess.

40. On June 1, 2005, the Cawleys filed with the IRS a claim for refund of penalty interest for $26,089.70.

41. The IRS has not disallowed that claim.

42. As grounds for recovery, the Cawleys restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Drake Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed

§6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Cawleys a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified.

g. The Cawleys are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are

not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Cawleys was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862

F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

43. Over six (6) months have elapsed since the Cawleys filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

44. The Cawleys are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FOUR
CLARKE
(Calendar Year 1983)

45. C. Robert Clarke and Joanne Clarke filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-0750 and XXX-XX-5735, respectively.

46. For 1983, Mr. Clarke was a limited partner in Drake Oil.

47. Drake Oil timely filed its 1983 Form 1065, partnership tax return.

48. On May 26, 2003, the IRS assessed tax of $9,748.00 and interest and penalty interest of $21,968.01 against the Clarkes' for 1983 arising from Mr. Clarke's partnership investment.

49. The IRS applied an advance remittance the Clarkes' made on July 24, 1994, toward the 1983 assessments, and refunded the excess amounts.

50. On May 24, 2005, the Clarkes filed with the IRS a claim for refund of penalty interest for $5,385.00.

51. The IRS has not disallowed that claim.

52. As grounds for recovery, the Clarkes restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Drake Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack

of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Clarkes a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Clarkes are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Clarkes was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was

inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

53. Over six (6) months have elapsed since the Clarkes filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

54. The Clarkes are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FIVE
COOPER
(Calendar Year 1981)

55. Harold A. Cooper and Ruth Cooper, Dec'd, filed a timely joint federal income tax return for calendar year 1981 and paid the taxes reported due on that return. Their taxpayer

identification numbers, as reflected on that tax return, were XXX-XX-9859 and XXX-XX-4170, respectively.

56. For 1984, Mr. Cooper was a limited partner in Dillon Oil.

57. Dillon Oil timely filed its 1984 Form 1065, partnership tax return.

58. On March 17, 2003, the IRS assessed tax of $7,571.00 and interest and penalty interest of $43,769.51 against the Coopers for 1981, as a carryback from 1984, arising from Mr. Cooper's partnership investment.

59. The Coopers paid the liabilities in full on April 27, 2003.

60. On April 14, 2005, the Coopers filed with the IRS a claim for refund of penalty interest for $13,977.00.

61. The IRS has not disallowed that claim.

62. As grounds for recovery, the Coopers restate the averments set forth in the Explanation to their refund claim for 1981:

a. The IRS issued an FPAA to the partnership for 1984. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On June 30, 1988, a combined Tax Court petition for tax years 1984 and 1985, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 16768-88.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Coopers a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Coopers are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the

*Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Coopers was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,*

92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

63. Over six (6) months have elapsed since the Coopers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

64. The Coopers are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT SIX
COOPER
(Calendar Year 1983)

65. The Coopers filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-9859 and XXX-XX-4170, respectively.

66. For 1983, Mr. Cooper was a limited partner in Dillon Oil.

67. Dillon Oil timely filed its 1983 Form 1065, partnership tax return.

68. On March 17, 2003, the IRS assessed tax of $20,975.00 and interest and penalty interest of $79,341.38 against the Coopers for 1983 arising from Mr. Coopers partnership investment.

69. The IRS applied an advance remittances Cooper made on March 1, 1993, toward the 1983 assessments, and Coopers paid the liabilities in full on April 27, 2003.

70. On April 14, 2005, the Coopers filed with the IRS a claim for refund of penalty interest for $9,417.00.

71. The IRS has not disallowed that claim.

72. As grounds for recovery, the Coopers restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Coopers a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Coopers are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable

to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Coopers was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the

basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

73. Over six (6) months have elapsed since the Coopers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

74. The Coopers are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT SEVEN
COOPER
(Calendar Year 1984)

75. The Coopers filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-9859 and XXX-XX-4170, respectively.

76. For 1984, Mr. Cooper was a limited partner in Dillon Oil.

77. Dillon Oil timely filed its 1984 Form 1065, partnership tax return.

78. On March 17, 2003, the IRS assessed tax of $11,597.00 and interest and penalty interest of $32,810.28 against the Coopers for 1984 arising from Mr. Cooper partnership investment.

79. The IRS applied an advance remittances Cooper made on March 1, 1993, toward the 1983 assessments, and Coopers paid the liabilities in full on April 27, 2003.

80. On April 14, 2005, the Coopers filed with the IRS a claim for refund of penalty interest for $4,413.00.

81. The IRS has not disallowed that claim.

82. As grounds for recovery, the Coopers restate the averments set forth in the Explanation to their refund claim for 1984:

a. The IRS issued an FPAA to the partnership for 1984. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On June 30, 1988, a combined Tax Court petition for tax years 1984 and 1985, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 16768-88.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Coopers a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not

specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Coopers are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest

cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Coopers was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

83. Over six (6) months have elapsed since the Coopers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

84. The Coopers are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT EIGHT
GAUSS
(Calendar Year 1983)

85. The Gausses filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-7008 and XXX-XX-2844, respectively.

86. For 1983, Mr. Gauss was a limited partner in Dillon Oil.

87. Dillon Oil timely filed its 1983 Form 1065, partnership tax return.

88. On June 9, 2003, the IRS assessed tax of $8,913.00and interest and penalty interest of $60,149.86 against the Gausses for 1983 arising from Mr. Gauss' partnership investment.

89. In two payments made on August 10, 2003 and October 1, 2003, the Gausses paid the assessments in full.

90. On July 15, 2005, the Gausses filed with the IRS a claim for refund of penalty interest for $19,582.51.

91. The IRS has not disallowed that claim.

92. As grounds for recovery, the Gausses restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th



R:\DOCS\TAXCONT.T\TGWC2026.EL1.wpd

Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Gausses a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Gausses are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had

been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Gausses was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

93. Over six (6) months have elapsed since the Gausses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

94. The Gausses are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT NINE
GAUSS
(Calendar Year 1984)

95. The Gausses filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-7008 and XXX-XX-2844, respectively.

96. For 1984, Mr. Gauss was a limited partner in Dillon Oil.

97. Dillon Oil timely filed its 1984 Form 1065, partnership tax return.

98. On June 9, 2003, the IRS assessed tax of $12,587.00 and interest and penalty interest of $39,317.20, and on August 25, 2003 assessed additional interest and penalty interest of $33,244.96 against the Gausses for 1984 arising from Mr. Gausses partnership investment.

99. The Gausses paid the assessments in full on August, 10, 2003.

100. On July 15, 2005, the Gausses filed with the IRS a claim for refund of penalty interest for $22,869.48.

101. The IRS has not disallowed that claim.

102. As grounds for recovery, the Gausses restate the averments set forth in the Explanation to their refund claim for 1984:

a. The IRS issued an FPAA to the partnership for 1984. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been

established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On June 30, 1988, a combined Tax Court petition for tax years 1984 and 1985, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 16768-88.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Gausses a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is

attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Gausses are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT.

If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Gausses was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation

§301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

103. Over six (6) months have elapsed since the Gausses filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

104. The Gausses are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TEN
GREGOR
(Calendar Year 1983)

105. The Gregors filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-1383 and XXX-XX-1377, respectively.

106. For 1983, Mr. Gregor was a limited partner in Crowne Oil Technology Partners, ("Crowne Oil" or "the partnership"). Crowne Oil was one partnership in the "Elektra" partnership group.

107. Crowne Oil timely filed its 1983 Form 1065, partnership tax return.

108. On July 28, 2003, the IRS assessed tax of $25,830.00 and interest and penalty interest of $174,135.23 against the Gregors for 1983 arising from Mr. Gregor's partnership investment.

109. The Gregors paid the liabilities in full.

110. On July 15, 2005, the Gregors filed with the IRS a claim for refund of penalty interest for $56,208.31.

111. The IRS has not disallowed that claim.

112. As grounds for recovery, the Gregors restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Crowne Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit

motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Gregors a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Gregors are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are

not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Gregors was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner,*

862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

113. Over six (6) months have elapsed since the Gregors filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

114. The Gregors are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT ELEVEN
JAMORA
(Calendar Year 1983)

115. The Jamoras filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-5073 and XXX-XX-1595, respectively.

116. For 1983, Mr. Jamora was a limited partner in Derringer Oil Technology Partners-1982, ("Derringer Oil" or "the partnership"). Derringer Oil was one partnership in the "Elektra" partnership group.

117. Derringer Oil timely filed its 1983 Form 1065, partnership tax return.

118. On April 7, 2003, the IRS assessed tax of $10,698.07 and interest and penalty interest of $70,194.68 against the Jamoras for 1983 arising from Mr. Jamora's partnership investment.

119. The Jamors paid the liabilities in full on April 14, 2003.

120. On April 12, 2005, the Jamoras filed with the IRS a claim for refund of penalty interest for $22,567.08.

121. The IRS has not disallowed that claim.

122. As grounds for recovery, the Jamoras restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Derringer Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack

of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Jamoras a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Jamoras are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Jamoras was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was

inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

123. Over six (6) months have elapsed since the Jamoras filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

124. The Jamoras are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWELVE
JAMORA
(Calendar Year 1984)

125. The Jamoras filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-5073 and XXX-XX-1595, respectively.

126. For 1984, Mr. Jamora was a limited partner in Derringer Oil.

127. Derringer Oil timely filed its 1984 Form 1065, partnership tax return.

128. On April 7, 2003, the IRS assessed tax of $4,241.00 and interest and penalty interest of $24,617.54 against the Jamoras for 1984 arising from Mr. Jamora's partnership investment.

129. The Jamors paid the liabilities in full on April 25, 2003.

130. On April 12, 2005, the Jamoras filed with the IRS a claim for refund of penalty interest for $7,893.78.

131. The IRS has not disallowed that claim.

132. As grounds for recovery, the Jamoras restate the averments set forth in the Explanation to their refund claim for 1984:

a. The IRS issued an FPAA to the partnership for 1984. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On June 30, 1988, a combined Tax Court petition for tax years 1984 and 1985, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 16768-88.

c. In 1992, the Tax Court issued its opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed

§6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Jamoras a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Jamoras are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the

deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Jamoras was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*,

862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

133. Over six (6) months have elapsed since the Jamoras filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

134. The Jamoras are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THIRTEEN
JAMORA
(Calendar Year 1985)

135. The Jamoras filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-5073 and XXX-XX-1595, respectively.

136. For 1985, Mr. Jamora was a limited partner in Derringer Oil.

137. Derringer Oil timely filed its 1985 Form 1065, partnership tax return.

138. On April 7, 2003, the IRS assessed tax of $3,115.00 and interest and penalty interest of $15,209.12 against the Jamoras for 1985 arising from Mr. Jamora's partnership investment.

139. The Jamoras paid the liabilities in full by payments on April 14, 2003, and April 25, 2003.

140. On April 12, 2005, the Jamoras filed with the IRS a claim for refund of penalty interest for $4,689.34.

141. The IRS has not disallowed that claim.

142. As grounds for recovery, the Jamoras restate the averments set forth in the Explanation to their refund claim for 1985:

a. The IRS issued an FPAA to the partnership for 1985. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On June 30, 1988, a combined Tax Court petition for tax years 1984 and 1985, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 16768-88.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack

of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Jamoras a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Jamoras are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Jamoras was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was

inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

143. Over six (6) months have elapsed since the Jamoras filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

144. The Jamoras are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FOURTEEN
KOEHLER
(Calendar Year 1983)

145. The Koehlers filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-3356 and XXX-XX-4563, respectively.

146. For 1983, Mr. Koehler was a limited partner in Drake Oil.

147. Drake Oil timely filed its 1983 Form 1065, partnership tax return.

148. On June 16, 2003, the IRS assessed tax of $19,040.00 and interest and penalty interest of $60,703.71 against the Koehlers for 1983 arising from Mr. Koehler's partnership investment.

149. The IRS applied an advance remittance Koehler made on October 20, 1989, toward the 1983 assessments, and Koehler paid the liabilities in full on July 10, 2003.

150. On July 5, 2005, the Koehlers filed with the IRS a claim for refund of penalty interest for $27,173.83.

151. The IRS has not disallowed that claim.

152. As grounds for recovery, the Koehlers restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Drake Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court

disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the Koehlers a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The Koehlers are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit

motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the Koehlers was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative

grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

153. Over six (6) months have elapsed since the Koehlers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

154. The Koehlers are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT FIFTEEN
O'SHAUGHNESSEY
(Calendar Year 1983)

155. The O'Shaughnesseys filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-1655 and XXX-XX-9588, respectively.

156. For 1983, Mr. O'Shaughnessey was a limited partner in Drake Oil.

157. Drake Oil timely filed its 1983 Form 1065, partnership tax return.

158. On February 24, 2003, the IRS assessed tax of $10,758.00 and interest and penalty interest of $71,457.91 against the O'Shaughnesseys for 1983 arising from Mr. O'Shaughnessey's partnership investment. On August 25, 2003, the IRS abated $11,328.12 of interest.

159. The O'Shaughnesseys paid the assessments in full by payments on April 15, 2003, and June 17, 2003.

160. On June 8, 2005, the O'Shaughnesseys filed with the IRS a claim for refund of penalty interest for $14,488.87.

161. The IRS has not disallowed that claim.

162. As grounds for recovery, the O'Shaughnesseys restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Drake Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack

of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the O'Shaughnesseys a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The O'Shaughnesseys are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the O'Shaughnesseys was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was

inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

163. Over six (6) months have elapsed since the O'Shaughnesseys filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

164. The O'Shaughnesseys are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT SIXTEEN
UMBERGER
(Calendar Year 1983)

165. Umberger filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. His taxpayer identification numbers, as reflected on that tax return, was XXX-XX-3088.

166. For 1983, Umberger was a limited partner in Vulcan Oil Technology Partners, ("Vulcan Oil" or "the partnership"). Vulcan Oil was one partnership in the "Elektra" partnership group.

167. Vulcan Oil timely filed its 1983 Form 1065, partnership tax return.

168. On August 18, 2003, the IRS assessed tax of $10,396.00 and interest and penalty interest of $57,457.47 against Umberger for 1983 arising from his partnership investment.

169. The IRS applied an advance remittance Umburger made on February 8, 1995, toward the 1983 assessments, and Umburger paid the liabilities in full on September 25, 2003 and December 4, 2003.

170. On July 12, 2005, Umberger filed with the IRS a claim for refund of penalty interest for $19,847.08.

171. The IRS has not disallowed that claim.

172. As grounds for recovery, Umberger restates the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983 was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to Umberger a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. Umberger is not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan*

*Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against Umberger was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,*

92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

173. Over six (6) months have elapsed since Umberger filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

174. Umberger is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT SEVENTEEN
WEBERG
(Calendar Year 1983)

175. Lyndon C. Weberg filed a timely federal income tax return for calendar year 1983 and paid the taxes reported due on that return. His taxpayer identification numbers, as reflected on that tax return, was XXX-XX-0516.

176. For 1983, Weberg was a limited partner in Dillon Oil.

177. Dillon Oil timely filed its 1983 Form 1065, partnership tax return.

178. On May 12, 2003, the IRS assessed tax of $2,069.00 and interest and penalty interest of $13,875.56 against Weberg for 1983 arising from his partnership investment. The IRS assessed additional interest on September 8, 2003, and November 24, 2003.

179. Weberg paid the liabilities in full on October 24, 2003.

180. On October 24, 2005, Weberg filed with the IRS a claim for refund of penalty interest for $4,519.94.

181. The IRS disallowed his claim on February 21, 2006.

182. As grounds for recovery, Weberg restates the averments set forth in the Explanation to his refund claim for 1983:

a. The IRS issued an FPAA to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some TMTs under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Dillon Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to Weberg a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. Weberg is not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable

to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayer is not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against Weberg was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the

basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); and *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

j. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of §6221(c), no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction.

k. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

183. The IRS denied Weberg's claim for refund on February 21, 2006. No other action on the claim for refund has been taken in any other judicial proceeding, including any in the Tax Court of the United States.

184. Weberg is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE,

Plaintiff Lloyd W. Bailey prays for judgment in the amount of $73,909.28 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs William L. Cawley and Norma A. Cawley pray for judgment in the amount of $26,089.70 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs C. Robert Clarke and Joanne Clarke pray for judgment in the amount of $5,385.00 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs Harold A. Cooper and Ruth Cooper, Dec'd, pray for judgment in the amount of $27,807.00 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs Arthur B. Gauss and Miriam J. Gauss pray for judgment in the amount of $42,451.99 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs Vaughn Gregor and Audrey Gregor pray for judgment in the amount of $56,208.31 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs Ismael O. Jamora and Deanna A. Jamora pray for judgment in the amount of $35,150.10 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs Steven J. Koehler and Janis Z. Koehler pray for judgment in the amount of $27,173.83 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs W. John O'Shaughnessey and Marjorie O'Shaughnessey pray for judgment in the amount of $14,488.87 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiff Thomas W. Umberger prays for judgment in the amount of $19,847.08 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiff Lyndon C. Weberg prays for judgment in the amount of $4,519.94 against the Defendant the USA, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)