IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-222 T

(Judge Nancy B. Firestone)

LLOYD W. BAILEY et. al. (including STEVEN J. KOEHLER and JANIS Z. KOEHLER),

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANSWER TO ALLEGATIONS OF KOEHLERS (Pls.' Compl. [Doc. #1] ¶¶ 8, 12-14, 145-154)

Pursuant to the Court's Order [Doc. #11], defendant answers below the allegations of the Koehlers and not the other plaintiffs. Defendant denies each and every allegation of the Koehlers not admitted below.

In response to particular paragraphs of the complaint setting forth the Koehlers' allegations, defendant further:

8. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8.

12. Admits the allegation in ¶ 12.

13. Avers that the allegations in ¶ 13 represent plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

14. States that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

COUNT FOURTEEN
KOEHLER
(Calendar Year 1983)

145. Admits the allegations in ¶ 145.

146. Admits the allegations in ¶ 146.

147. Admits the allegations in ¶ 147.

148. Admits the allegations in ¶ 148 that, on June 16, 2003, the IRS assessed tax of $19,040.00 and interest and tax motivated interest of $60,703.71 against the Koehlers for 1983 arising from Mr. Koehler's partnership interest in Drake Oil; and denies the remaining allegations in ¶ 148.

149. Admits the allegations in ¶ 149, except avers that the Koehlers failed to pay $.70 of the June 16, 2003 assessments and the unpaid $.70 underpayment was administratively cleared on July 28, 2003.

150. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 150; and states further that plaintiffs' complaint does not comply with Rule 9(h)(6) of the Rules of the United States Court of Federal Claims, as it fails to annex a copy of the claim for refund they allege they filed on July 5, 2005.

151. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 151.

152. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 152.

152.a. Admits the allegations in the first sentence of ¶ 152.a.; with respect to the allegations in the second sentence of ¶ 152.a., admits that the FPAA determined adjustments to

partnership items on multiple grounds, some of which grounds constituted tax motivated transactions under former 26 U.S.C. § 6621(c) and accompanying regulations and some of which did not, but denies that the FPAA made any proposals; and admits the allegations in the third sentence of ¶ 152.a that one ground set forth in the FPAA for disallowing deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit. . . .", but denies that the FPAA made a proposal.

152.b. Admits the allegations in ¶ 152.b.

152.c. Admits the allegations in the first sentence of ¶ 152.c.; with respect to the allegations in the second sentence of ¶ 152.c., admits that the Tax Court opinion in Krause v. Commissioner, 99 T.C. 132 (1992) states, "[t]hese consolidated cases are test cases for over 2,000 related cases and for a number of related TEFRA partnerships," id. at 133; avers that the third sentence of ¶ 152.c. constitutes a characterization of the legal conclusions of the Tax Court to which no response is required; and admits the allegations in the fourth sentence of ¶ 152.c.

152.d. Admits the allegations in ¶ 152.d.

152.e. Admits the allegations in the first sentence of ¶ 152.e.; admits the allegations in the second sentence of ¶ 152.e. that the decision contained partnership level adjustments computed based on § 183 in accordance with the opinion in Krause.

152.f. Admits the allegations in the first sentence of ¶ 152.f., except avers that the Form 4549A-CG shows how the IRS computed tax liability and estimated interest computations; admits the allegations in the second sentence of ¶ 152.f.; and, with respect to the allegations in the third sentence of ¶ 152.f., admits that a Form 886-A explained the adjustment to the Koehlers' 1983 tax return set forth in the Form 4549A-CG as follows: "We have adjusted your

return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

152.g. Avers that the allegations in ¶ 152.g. constitute conclusions of law to which no response is required.

152.h. Avers that the allegations in ¶ 152.h. constitute conclusions of law to which no response is required.

152.i. Avers that the allegations in ¶ 152.i. constitute conclusions of law to which no response is required.

152.j. Denies the allegations in ¶ 152.j. that no portion of the underlying tax liability was attributable to any event defined in §6221(c) or the regulations thereunder as a tax motivated transaction; and avers further that the allegations in ¶ 152.j. constitute conclusions of law to which no response is required.

152.k. Denies the allegations in ¶ 152.k, and avers further that, to the extent they constitute conclusions of law, no response is required.

153. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 153.

154. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 154.

JURISDICTIONAL DEFENSES TO KOEHLERS' CLAIMS

1. This Court lacks subject matter jurisdiction over the Koehlers' claims for refund of tax motivated interest, if they failed to file a refund claim.

2. This Court lacks subject matter jurisdiction over the Koehlers' claims for refund of tax motivated interest, because, even if they filed an otherwise proper refund claim on July 5, 2005, as they allege, such a claim would be outside the period/s of limitation prescribed in 26 U.S.C. § 6230(c).

3. This Court lacks subject matter jurisdiction over the Koehlers' claims for refund of tax motivated interest, because plaintiffs bear the burden of demonstrating that their underpayments are not attributable to tax motivated transactions, and they are barred from attempting to do so in this partner level proceeding, because the IRS and the United States Tax Court determined that the transactions giving rise to plaintiffs' disallowed deductions (and corresponding underpayments) were tax motivated partnership transactions.

AFFIRMATIVE DEFENSES TO KOEHLERS' CLAIMS

4. Plaintiffs are barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a refund of tax motivated interest, because plaintiffs are bound by one or more decisions of the United States Tax Court, including Krause v. Commissioner, 99 T.C. 132 (1992); Acierno v. Commissioner, T.C. Memo. 1997-441, 1997 WL 593874 (Sept. 25, 1997); Vulcan Oil et. al. v. Commissioner, Docket No. 21530-87, Decision June 13, 2002, that the partnership transactions giving rise to plaintiffs' disallowed deductions (and corresponding underpayments) were tax motivated transactions.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

September 8th, 2006