IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-222 T

(Judge Nancy B. Firestone)

---

LLOYD W. BAILEY et. al. (including STEVEN J. KOEHLER and JANIS Z. KOEHLER),

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

JOINT PRELIMINARY STATUS REPORT

---

Pursuant to RCFC App. A, Part III, ¶¶ 4 and 5, the parties hereby provide the following Joint Preliminary Status Report (which, in accord with the Court's Order [Doc. #11], covers only the allegations of the Koehlers (hereinafter "plaintiffs")):

¶ 4

**(a) Jurisdiction**:

**Plaintiffs**: Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1346(a)(1) and 1491(a).

**Defendant**: In defendant's view, there are several questions regarding the Court's jurisdiction over the plaintiffs' allegations, including: 1) whether they filed the refund claim they allege in ¶ 150 of their complaint; 2) whether, even if they filed an otherwise proper refund claim for tax motivated interest on July 5, 2005, as they allege, such claim was filed untimely outside

the applicable period of limitation prescribed in 26 U.S.C. § 6230(c); and 3) whether they are barred in this partner level proceeding from litigating whether their tax underpayments were not attributable to tax motivated partnership transactions - particularly in light of the fact that both the IRS and the United States Tax Court determined that the partnership transactions generating the plaintiffs' disallowed deductions (and corresponding underpayments) were tax motivated. Related to the third jurisdictional issue is the question whether the plaintiffs are barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a refund of tax motivated interest. Defendant contends the plaintiffs are bound by one or more decisions of the United States Tax Court (including Krause v. Commissioner, 99 T.C. 132 (1992); Acierno v. Commissioner, T.C. Memo. 1997-441, 1997 WL 593874 (Sept. 25, 1997); or Vulcan Oil et. al. v. Commissioner, Docket No. 21530-87, Decision June 13, 2002), in which the court ruled that the partnership transactions giving rise to plaintiffs' disallowed deductions (and corresponding underpayments) were tax motivated.

**(b) Consolidation**: The parties do not think this case should be consolidated with any other cases. The parties note that an earlier filed case, *McGann v. United States*, Fed. Cl. 05-1189, arises from essentially the same fact pattern as and presents common issues of fact and law with this case.

**(c) Bifurcation of liability and damages**: There are not distinct issues of "liability and damages" to be tried.

**(d) <u>Deferral of proceedings</u>**: Further proceedings in this case should not be deferred.

**(e) <u>Remand or suspension</u>**: Intentionally omitted as this case is a tax refund action.

**(f) <u>Additional parties</u>**: No additional parties will be joined.

**(g) <u>Dispositive motions</u>**: The parties propose the Court establish a briefing schedule for a RCFC 12(b)(1) motion on the first two jurisdictional issues set forth above in defendant's statement in ¶ 4(a). The first two issues, regarding timely filing of a proper refund claim, are basic jurisdictional prerequisites to a tax refund suit, and should be resolved before handling of more complex jurisdictional and *res judicata* issues. The first step in the briefing schedule should be the plaintiffs' supplementing their complaint to comply with RCFC 9(h)(6) by filing their alleged refund claim. The plaintiffs' supplemental filing may obviate the need for briefing on the first jurisdictional issue and likely will inform briefing on the second. Defendant has no record that the plaintiffs filed the refund claim they allege in ¶ 150 of their complaint.

Accordingly, the parties propose the following briefing schedule:

1. On or before November 14, 2006, the plaintiffs will file their supplemented allegations.

2. On or before December 15, 2006, defendant will file a motion to dismiss the plaintiffs' complaint. The subject matter of the motion will be limited to the first two jurisdictional issues set forth above in defendant's statement in ¶ 4(a).

3. On or before January 19, 2007, the plaintiffs will file their response.

4. On or before February 2, 2007, defendant will file its reply.

If the two basic jurisdictional issues are resolved in the plaintiffs' favor, the parties propose that, within 30 days of resolution, the parties file a joint status report, setting forth a plan for dealing with the more difficult jurisdictional and *res judicata* issues and further proceedings.

**(h) <u>Factual and legal issues</u>**:

**Plaintiff:** At issue is whether the Internal Revenue Service improperly imposed on the plaintiffs the "penalty rate" of interest under former 26 U.S.C. § 6621(c).

**Defendant:** The ultimate issue in this tax refund suit is whether taxpayers can establish that they overpaid tax motivated interest for the year in suit. The pressing factual and legal issues are described above in defendant's statement in ¶ 4(a). Those issues should be resolved first, beginning with the two basic jurisdictional ones.

**(i) <u>Settlement</u>**: Settlement is unlikely prior to resolution of the jurisdictional and *res judicata* issues outlined above in defendant's statement in ¶ 4 (a). The parties do not contemplate alternative dispute resolution at this time.

**(j) <u>Trial</u>**: The possibility of trial should be revisited, if necessary, after resolution of the issues set forth above in defendant's statement in ¶ 4 (a). The parties do not request an expedited trial schedule.

**(k) Electronic case management:** There are no special issues regarding electronic case management needs.

**(l) Other information:** None.

¶ 5

**Discovery Plan:** At present, the parties do not intend to make initial disclosures and do not recommend a formal discovery plan. The parties' initial plan for the efficient administration of this case is set forth above in ¶ 4(g).

Plaintiffs' attorney has consented to defendant's attorney signing and filing this Joint Preliminary Status Report on her behalf.

Respectfully submitted,

10/30/2006 s/Sallie W. Gladney by s/Bart D. Jeffress
Date
SALLIE W. GLADNEY
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorneys for Plaintiffs

10/30/2006 s/Bart D. Jeffress
Date
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section

Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

10/30/2006 s/Steven I. Frahm
Date Of Counsel

Attorneys for Defendant