Form **843** (Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>HAROLD A. COOPER & RUTH COOPER | Your SSN or ITIN<br>[redacted]9859 |
| Address (number, street, and room or suite no.)<br>\c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)* | Spouse's SSN or ITIN<br>[redacted]4170 |
| City or town, state, and ZIP code<br>Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY**** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>2809 Las Piedras Drive<br>Burlingame, CA 94010-5828 | Daytime telephone number<br>713-965-9244 |

**1** Period. Prepare a separate Form 843 for each tax period
From January 1, 1981 to December 31, 1981

**2** Amount to be refunded or abated $ 13,976.63**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty — IRC section ▶ §6621(c)

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ April 27, 2003

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

***** *Please See Explanation Attached* *****

** *or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Harold A. Cooper — Date 4-12-05
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Harold A. Cooper - Trustee — Date 4-12-05
Signature

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

**PLAINTIFFS' EXHIBIT I**

Form **843** (Rev. 11-2002)

Form **2848** (Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name ____________
Telephone ____________
Function ____________
Date / /

## Part I Power of Attorney (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Harold A. Cooper and Ruth Cooper<br>2809 Las Piedras Drive<br>Burlingame, CA 94010-5828 | [redacted]9859<br>[redacted]4170 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. 7800-63703R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. 7805-78887R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. 7805-87212R<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership items for all partnerships in which the taxpayer is a partner, for CAF purposes enter1040 information only. | ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here H.A.C. and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box. . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Harold A. Cooper (signature) — Signature | 9-8-04 — Date | Title (if applicable)

Harold A. Cooper — Print Name

Harold A. Cooper (signature) — Signature | 9-8-04 — Date | Surviving Spouse on Behalf of Ruth Cooper — Title (if applicable)

Harold A. Cooper — Print Name

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

  a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.

  b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.

  c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.

  d Officer — a bona fide officer of the taxpayer's organization.

  e Full-Time Employee — a full-time employee of the taxpayer.

  f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

  g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

  h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 9-10-04 |
| A | Texas | (signature) Sallie W. Gladney | 9-10-04 |
| A | Texas | (signature) Teresa J. Womack | 9-10-04 |

**HAROLD A. COOPER AND RUTH COOPER, DECEASED**
**(SSN[redacted]9859 and SSN[redacted]4170)**
**EXPLANATION - 1981 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Dillon Oil Technology Partners - 1982 partnership (referred to in this explanation as "the Partnership") for 1981 is filed based upon the following grounds:

1. The claim is timely. It is being filed within two years from the date of payment.

2. The taxpayer(s) invested as a limited partner in Dillon Oil Technology Partners - 1982 – a partnership in the Elektra partnership group – and took a deduction based on his related partnership losses on his individual tax return for 1984.

3. The IRS issued Notice(s) of Final Partnership Administrative Adjustment ("FPAAs")for the partnership. The FPAAs proposed adjustments to partnership items on multiple grounds – some "tax motivated transactions" ("TMTs") under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit." See Exhibit A.

4. On June 30, 1988, a combined Tax Court petition for tax year 1984 was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 16768-88.

5. In 1992, the Tax Court issued its published opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). See Exhibit B. *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld the Tax Court's *Krause* opinion in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994). See Exhibit C.

6. In each related TEFRA case, including *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*." See excerpt attached as Exhibit D.

7. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." See excerpt attached as Exhibit E. The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

8. Based on the *Vulcan Oil* decision the IRS assessed tax, interest, and §6621(c) penalty interest against the taxpayer(s) for 1981 as a carryback from 1984. See Exhibits H and I.

9. The IRS issued to the taxpayer(s) a Form 4549A-CG showing how the IRS computed the purported liability. See Exhibit I. The Form 4549 states that the underpayment of tax is attributable to TMT as defined under §6621(c). The basis of these purported TMT is not

specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

10. The portion of interest assessed due to the penalty rate under §6621(c) was $13,976.63. See Exhibit I.

11. The taxpayer(s) paid the assessed tax and interest, including §6621(c) penalty interest, in full. See Exhibit H.

12. The taxpayer is not liable for §6621(c) penalty interest because:

a. *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). See Exhibit F.

On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships, including the taxpayer(s), are not subject to §6621(c) penalty interest;

b. *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004).See Exhibit G.

On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs (see Exhibit A) and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the taxpayer(s) was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

c. In any event no portion of the underlying liability was attributable to a TMT as defined in §6621(c) or the regulations thereunder.

d. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

13. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers which the taxpayers should have been able to seek in an offer in compromise, but which the IRS notified taxpayers' counsel would be denied by the IRS based on its improperly restrictive regulations under §7122 regarding effective tax administration offers in compromise and their refusal to consider offers in compromise after the taxpayers fully paid the liability.

14. Although the taxpayer's 1981 tax return was filed as a joint return, this claim is filed and signed solely by the taxpayer as both surviving spouse and the sole payor of the amounts sought to be recovered.

Exhibits:
Exhibit A - Notice of Final Partnership Administrative Adjustment
Exhibit B - *Krause v.Commissioner*, 99 T.C. 132 (1992)
Exhibit C - *Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir. 1994)
Exhibit D - Excerpts from Motion to Dismiss filed in *Vulcan Oil*
Exhibit E - Excerpts from Decision filed in *Vulcan Oil*
Exhibit F - *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002)
Exhibit G - *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004)
Exhibit H - Evidence of Assessment and Payment
Exhibit I - Form 4549A-CG

Internal Revenue Service
District Director

Department of the Treasury

000157187

Date: 11 APR 1988

Name of Partnership:
Dillon Oil Technology Partners - 82
Taxpayer Identifying Number:
84-0862763
Tax Year Ended:
December 31, 1984 and December 31, 19
Date FPAA Mailed to Tax Matters Partner:
11 APR 1988
Person to Contact:
Notice Clerk
Contact Telephone Number:
(303) 844-5934

American Energy Resources, Inc., TMP
Dillon Oil Technology Partners - 82
The Claridge House
109 N. Mid-America Mall
Memphis, TN 38103

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Settlement Agreement for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, sign and return the enclosed Form 870-P. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

(over)



Exhibit A

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An IRS employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Lawrence B. Gibbs
Commissioner
by

G. L. Mihlbachler

G. L. Mihlbachler
District Director

Enclosures:
Form 870-P
Copy of this letter

Form **870-P**
(Rev. February 1985)

Department of the Treasury – Internal Revenue Service

**Settlement Agreement for Partnership Adjustments**
**(Under IRC 6224)**

| Names and address of taxpayers *(Number, street, city or town, State, ZIP code)* | Social security or employer identification number |
|---|---|
| American Energy Resources, Inc., TMP<br>Dillon Oil Technology Partners - 82<br>2485 Grant Street, Suite 300, Ogden, Utah 84401 | 84-0862763 |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership(s) for the year(s) shown on the attached schedule of adjustments. The undersigned also offers to waive restrictions on the assessment and collection of any deficiency (with interest as provided by law) that would result from making the treatment of partnership items on the return of the undersigned consistent with the treatment of those items on the partnership return with the attached schedule of adjustments:

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

Signature of taxpayer — Date

Signature of taxpayer — Date

By *(Signature and title)* — Date

**NOTE:** The execution and filing of this offer will expedite the adjustment of the liability.

If this offer is executed with respect to a year for which a **JOINT RETURN OF A HUSBAND AND WIFE** was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If the taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided the action is specifically authorized by a power of attorney, which must accompany the form.

| **FOR INTERNAL REVENUE USE ONLY** | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Department of the Treasury – Internal Revenue Service

# SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS

## SCHEDULE OF ADJUSTMENTS

| ME OF PARTNERSHIP<br>illon Oil Technology Partners - 1982<br>XPAYER IDENTIFYING NUMBER 84-0862763 | TAX YEAR ENDED<br>December 31<br>1984 | <br>December 31,<br>1985 | |
|---|---|---|---|
| TAIL OF ADJUSTMENTS | | | |
| Ordinary Income: | | | |
| 1. Deductions | 23,643,396 | 5,872,439 | |
| 2. Partnership Losses (Flow Thru) | 446,111 | 229,549 | |
| 3. Loss on Investment | - | 140,897 | |
| stributive Share Items (Other Adjustments): | | | |
| TOTAL ADJUSTMENTS | $24,089,507 | $6,242,885 | |

a. Net Earnings (Loss) from Self-Employment:

| | 1984 | 1985 |
|---|---|---|
| Reported | $( 21,039.00) | $ 67,801.00 |
| Corrected | 97,933.00 | 97,933.00 |
| Adjustment | $ 118,972.00 | $ 30,132.00 |

b. Gross Income From Oil, Gas and Geothermal Properties - Tax Preference Item

| | 1984 | 1985 |
|---|---|---|
| Reported | $ 1,115,744.00 | $1,113,815.00 |
| Corrected | .00 | .00 |
| Adjustment | $ 1,115,744.00 | $1,113,815.00 |

c. Deductions Allocable to Oil, Gas and Geothermal Properties-Tax Preference Items

| | 1984 | 1985 |
|---|---|---|
| Reported | $ 1,266,691.00 | $1,137,599.00 |
| Corrected | .00 | .00 |
| Adjustment | $ 1,266,691.00 | $1,137,599.00 |

d. Qualified Investment Income - Tax Preference Item

| | 1984 | 1985 |
|---|---|---|
| Reported | $ 4,771,845.00 | $4,368,954.00 |
| Corrected | .00 | .00 |
| Adjustment | $ 4,771,845.00 | $4,368,954.00 |

Distributive Share Items (Other Adjustments) Continued on Next Page.

SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS
(CONTINUED) DETAIL OF ADJUSTMENTS FOR
DILLON OIL TECHNOLOGY PARTNERS-1982 84-0842763

e. Qualified Investment Expense - Tax Preference Item

| | 1984 | 1985 |
|---|---|---|
| Reported | $23,556,400 | $ 5,966,045 |
| Corrected | 0 | 0 |
| Adjustment | $23,556,400 | $ 5,966,045 |

f. Unadjusted Basis of New 3 Year Recovery Property Eligible for Investment Tax Credit - (Before Reduction for IRC 48(q) and Applicable Percentage)

| | 1984 |
|---|---|
| Reported | $ 8,246 |
| Corrected | 0 |
| Adjustment | $ 8,246 |

g. Unadjusted Basis of New (Other) Recovery Property Eligible for Investment Tax Credit - (Before Reduction for IRC 48(q) and Applicable Percentage)

| | 1984 | 1985 |
|---|---|---|
| Reported | $ 90,863 | $ 294,423 |
| Corrected | 0 | 0 |
| Adjustment | $ 90,863 | $ 294,423 |

h. Unadjusted Basis of Used (Other) Recovery Property Eligible for Investment Tax Credit - (Before Reduction for IRC 48(q) and Applicable Percentage)

| | 1985 |
|---|---|
| Reported | $ 20,155 |
| Corrected | 0 |
| Adjustment | $ 20,155 |

i. Oil and Gas Depletion To the Extent of Basis

| | 1984 | 1985 |
|---|---|---|
| Reported | $ 164,277 | $ 237,837 |
| Corrected | 0 | 0 |
| Adjustment | $ 164,277 | $ 237,837 |

j. Cost Depletion Oil and Gas

| | 1984 | 1985 |
|---|---|---|
| Reported | $ 164,277 | $ 237,837 |
| Corrected | 0 | 0 |
| Adjustment | $ 164,277 | $ 237,837 |

k. Intangible Drilling Costs

| | 1984 | 1985 |
|---|---|---|
| Reported | $ 35,818 | $ 10,813 |
| Corrected | 0 | 0 |
| Adjustment | $ 35,818 | $ 10,813 |

SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS
(CONTINUED) DETAIL OF ADJUSTMENTS FOR
DILLON OIL TECHNOLOGY PARTNERS-B2 84-0862763

l. Investment Income for Investment Interest Expense:

| | 1984 | 1985 |
|---|---|---|
| Reported | $4,820,046 | $4,413,085 |
| Corrected | 0 | 0 |
| Adjustment | $4,820,046 | $4,413,085 |

m. Ordinary Income (loss);

| | 1984 | 1985 |
|---|---|---|
| Reported | $(18,974,297) | $(1,613,223) |
| Corrected | 5,115,210 | 4,629,662 |
| Adjustment | $ 23,089,507 | $ 6,242,885 |

Department of the Treasury - Internal Revenue Service
Examination Changes - Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations

| Name and Address | EI Number | Form Number |
|---|---|---|
| Dillon Oil<br>Technology Partners<br>The Claridge House<br>109 N. Mid-America Mall<br>Memphis, TN 38103 | 84-8862783 | 1065 |
| | Person Examination Changes Were Discussed With: Louis Coppage | |

My examination of the above returns resulted in the following adjustments, which we have discussed. We will notify you by mail after the District Director has reviewed these adjustments.

| 1. Adjustments to ordinary distributable net, or taxable income. | Year: 1984 | Year: 1985 | Year: |
|---|---|---|---|
| Deductions | $23,643,396 | $5,872,439 | |
| Partnership Losses | $446,111 | $229,549 | |
| Loss on Investments | $0 | $140,897 | |
| 2. Total Adjustments | $24,089,507 | $6,242,885 | 0.00 |
| 3. Ordinary, taxable income reported | ($18,974,297) | ($1,613,223) | |
| 4. Corrected ordinary, taxable income. | $5,115,210 | $4,629,662 | $0.00 |
| 5. Other Adjustments | | | |
| a.(1) Adjustment<br>(2) As Reported<br>(3) Corrected | See Attachment | See Attachment | |
| b.(1) Adjustment<br>(2) As Reported<br>(3) Corrected | | | |

Remarks

| Examiner's Signature | District | Date |
|---|---|---|
| | Denver | |

Substitute FORM 4605-A (Rev. 7-80)

**Dillon Oil Technology Partners**
**1984, 1985-1985**
**Other Adjustments**

| | | 1984 | 1985 |
|---|---|---|---|
| Item 5a. | Net earnings (loss) from self-employment | | |
| | Adjustment | $118,972 | $30,132 |
| | As Reported | ($21,039) | $67,801 |
| | Corrected | $97,933 | $97,933 |
| Item 5b. | Gross income from oil, gas and geothermal wells * | | |
| | Adjustment | $1,115,744 | $1,113,815 |
| | As Reported | $1,115,744 | $1,113,815 |
| | Corrected | $0 | $0 |
| Item 5c. | Deductions allocable to oil, gas and geothermal wells * | | |
| | Adjustment | $1,266,691 | $1,137,599 |
| | As Reported | $1,266,691 | $1,137,599 |
| | Corrected | $0 | $0 |
| Item 5d. | Qualified Investment Income * | | |
| | Adjustment | $4,771,845 | $4,368,954 |
| | As Reported | $4,771,845 | $4,368,954 |
| | Corrected | $0 | $0 |
| Item 5e. | Qualified Investment Expense * | | |
| | Adjustment | $23,556,400 | $5,966,045 |
| | As Reported | $23,556,400 | $5,966,045 |
| | Corrected | $0 | $0 |
| Item 5f. | Basis of new recovery property eligible for ITC-3 year (48q) | | |
| | Adjustment | $8,246 | $0 |
| | As Reported | $8,246 | $0 |
| | Corrected | $0 | $0 |
| Item 5g. | Basis of new recovery property eligible for ITC-other (48q) | | |
| | Adjustment | $90,863 | $294,423 |
| | As Reported | $90,863 | $294,423 |
| | Corrected | $0 | $0 |
| Item 5h. | Basis of used recovery property eligible for ITC-other (48q) | | |
| | Adjustment | $0 | $20,155 |
| | As Reported | $0 | $20,155 |
| | Corrected | [illegible] | [illegible] |

Dillon Oil Technology Partners
1984, 1985-1065
Other Adjustments

| | | | |
|---|---|---|---|
| Item 5i. | Cost Depletion Oil and gas | | |
| | Adjustment | $164,875 | $237,837 |
| | As Reported | $164,875 | $237,837 |
| | Corrected | $0 | $0 |
| Item 5j. | Oil & Gas Depletion to the extent of basis | | |
| | Adjustment | $164,875 | $237,837 |
| | As Reported | $164,875 | $237,837 |
| | Corrected | $0 | $0 |
| Item 5k. | Intangible Drilling Costs * | | |
| | Adjustment | $35,083 | $10,813 |
| | As Reported | $35,083 | $10,813 |
| | Corrected | $0 | $0 |
| Item 5l. | Investment Interest Income | | |
| | Adjustment | $4,820,046 | $4,413,085 |
| | As Reported | $4,820,046 | $4,413,085 |
| | Corrected | $0 | $0 |
| Item 5m. | Ordinary Income (loss) | | |
| | Adjustment | $23,089,507 | $6,242,885 |
| | As Reported | ($18,974,297) | ($1,613,223) |
| | Corrected | $5,115,210 | $4,629,662 |

* Tax Preference Items

Statement
Schedule 2

# Explanation of Adjustments
## Dillon Oil Technology Partners - 1982
## Partnership Years Ended December 31, 1984 and December 31, 1985

It is determined that the deductions, reported by Dillon Oil Technology Partners - 1982 (A TEFRA Partnership) on its 1984 and 1985 partnership income tax returns in the amounts of $23,643,396 for 1984 and $5,872,439 for 1985 (See Exhibit A) are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity;

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income;

(c) Were properly accrued by the partnership;

(d) Were incurred by the partnership in connection with the purpose designated by the partnership; and

(e) Were not capital in nature.

Statement
Schedule 2

Explanation of Adjustments
Dillon Oil Technology Partners -82
Partnership Years Ended December 31, 1984 and December 31, 1985

1. (Cont'd)

In addition, it has not been shown:

(a) That the entity from which the partnership purportedly licensed a technology portfolio had any rights to such property which could be licensed;

(b) What the fair market value of the purported technology license is, and that the purported price of the license to the partnership, did not unreasonably exceed the fair market value of such license;

(c) What the fair market value of the extraction rights to the Parker Fields is, and that the purported price of such extraction rights to the partnership, did not unreasonably exceed the fair market value of such rights.

In addition, it has not been established that license fees claimed by the partnership for the tax year ended December 31, 1984 qualify as research and experimental expenditures under Internal Revenue Code Section 174.

Additionally, the deductions are not allowable because they have not been adequately substantiated as to amount or the nature of the deduction.

Additionally, the deductions are disallowed because there was no response received to requests to provide documents and other information to support the claimed deductions. Because of this, it could not be established which deductions were proper or what the proper amounts of the deductions should be.

Furthermore, it has not been established that the partners were at risk within the meaning of Internal Revenue Code Section 465 for any amounts in excess of those actually paid in cash to the partnership. Thus it has not been established that the partnership losses are not in excess of the partners' adjusted basis.

Statement
Schedule B

**Explanation of Adjustments**
**Dillon Oil Technology Partners - 1982**
**Partnership Years Ended December 31, 1984 and December 31, 1985**

---

1. It is determined that your ordinary income from partnerships and fiduciaries for the tax year ended December 31, 1984 is $ 295,164 instead of the amount reported of ($150,947) (See Exhibit B) because it has not been established that you incurred deductible losses for the year 1984 from Utah Heavy Oil Project JV in which you claim to own an interest.

   It is further determined that your ordinary income from partnerships and fiduciaries for the tax year ended December 31, 1985 is $216,577 instead of the amount reported of ($12,972) (See Exhibit C) because it has not been established that you incurred deductible losses from Oil Technology Group-Castaic Hills and Utah Heavy Oil Project JV in which you claim to own an interest.

   It has not been established that if Utah Heavy Oil Project JV and Oil Technology Group-Castaic Hills did have a loss for the taxable years, that any portion of such loss would be properly allocated to you. In addition it has not been established that you have sufficient basis in the partnerships to claim the loss reported on the 1984 and 1985 income tax returns or that you were at risk within the meaning of Internal Revenue Code Section 465 with respect to any amounts. Accordingly, it is determined that your partnership income is $295,164 instead of the amount reported of ($150,947) for the tax year ended December 31, 1984 and $216,577 instead of the amount reported of ($12,972) for the tax year ended December 31, 1985.

3. With respect to the deduction for loss on investments, in addition to the explanation in 1 and 2 above, it is determined that the loss on investment reported by Dillon Oil Technology Partnership-1982 on its 1985 income tax return in the amount of $(140,897) is disallowed because it has not been established:

   (a) that the loss was bonafide;
   (b) that the taxpayer had a basis in such property;
   (c) that a loss was sustained during the year or properly accrued by the partnership;

4. With respect to distributive share items it has been determined for the reasons stated above in explanation 1 that:

   (a) net earnings from self-employment for the tax years 1984 and 1985 is $97,933 and $97,933 respectfully, as recomputed without regard to any distributive share of income or loss;

Statement
Schedule 2

Explanation of Adjustments
Dillon Oil Technology Partners - 1982
Partnership Years Ended December 31, 1984 and December 31, 1985

4. (Cont'd)

(b) gross income from oil, gas and geothermal properties for tax preference items is -0- for the tax years 1984 and 1985.

(c) deductions allocable to oil, gas and geothermal properties for tax preference items is -0- for the tax years 1984 and 1985;

(d) qualified investment income for tax preference items is -0- for the tax years 1984 and 1985;

(e) qualified investment expense for tax preference items is -0- for the tax years 1984 and 1985;

(f) basis of new and used recovery property eligible for investment tax credit is -0- for the tax years 1984 and 1985;

With respect to the distributive share item, basis of new and used recovery property eligible for investment tax credit, in addition to the explanation in 1 and 4 above, it was determined that the distributive share amounts are -0- because it has not been established:

(1) that the property was investment credit property as defined in section 48 of the Internal Revenue Code;

(2) that the taxpayer had a basis in such property.

(g) intangible drilling cost is -0- for the tax years 1984 and 1985;

(h) oil and gas depletion and cost depletion is -0- for the tax years 1984 and 1985.

Statement
Schedule 2

Explaination of Adjustments
Dillon Oil Technology Partners
Partnership Years Ended December 31, 1984 and December 31, 1985

4. (Cont'd)

(i) Investment income for investment interest expense is -0- for the tax year 1984 and 1985.

(j) Ordinary income (loss) is $5,115,210 for tax year 1984 and $4,629,662 for tax year 1985.

| FORM 886-A (Rev. May 1980) | Department of the Treasury Internal Revenue Service EXPLANATION OF ITEMS | Schedule No. or Exhibit EXHIBIT A |
|---|---|---|
| Name of Taxpayer Dillon Oil Technology Partners | | Year/Period Ended December 31, 1984 December 31, 1985 |

| | AMOUNT PER RETURN | AMOUNT PER EXAMINATION 1984 | ADJUSTMENT |
|---|---|---|---|
| Interest expense | $ 3,670,203 | $0 | $ 3,670,203 |
| Accounting | 27,292 | 0 | 27,292 |
| Other Expenses | 1,300 | 0 | 1,300 |
| Legal | 72,910 | 0 | 72,910 |
| Consulting | 30,400 | 0 | 30,400 |
| Amortization | 58,760 | 0 | 58,760 |
| Guaranteed Payments | 97,933 | 0 | 97,933 |
| Overhead | 97,933 | 0 | 97,933 |
| License Fees | 19,586,665 | 0 | 19,586,665 |
| Total | $23,643,395 | $0 | $23,643,395 |
| | | 1985 | |
| Interest expense | $5,525,262 | $0 | $5,525,262 |
| Accounting | 23,289 | 0 | 23,289 |
| Other Expenses | 490 | 0 | 490 |
| Legal | 55,029 | 0 | 55,029 |
| Consulting | 3,200 | 0 | 3,200 |
| Amortization | 58,760 | 0 | 58,760 |
| Guaranteed Payments | 97,933 | 0 | 97,933 |
| Overhead | 97,933 | 0 | 97,933 |
| Office Supplies | 4,549 | 0 | 4,549 |
| Lodging/meals | 254 | 0 | 254 |
| Travel | 1,640 | 0 | 1,640 |
| Total | $5,872,439 | $0 | $5,872,439 |

EXHIBIT B

SCHEDULE OF PARTNERSHIP INCOME (LOSS)
DILLON OIL TECHNOLOGY PARTNERS - 1982
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1984

| | AMOUNT PER RETURN | CORRECT AMOUNT | ADJUSTMENT |
|---|---|---|---|
| Illinois Basin JV | $ 189,367.00 | $ 189,367.00 | $ 0.00 |
| Castaic Hills JV | 53,097.00 | 53,097.00 | 0.00 |
| San Antonio JV | 52,700.00 | 52,700.00 | 0.00 |
| Utah Heavy Oil Project JV | (446,111.00) | 0.00 | 446,111.00 |
| Total | $ (150,947.00) | $ 295,164.00 | $ 446,111.00 |

The losses disallowed are being disallowed as nonpartnership items. Partnership item adjustments are not reflected since these can only be adjusted under TEFRA proceedings pursuant to the provisions of IRC section 6221 thru 6233.

EXHIBIT C.

# SCHEDULE OF PARTNERSHIP INCOME (LOSS)
# DILLON OIL TECHNOLOGY PARTNERS - 1982
# PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1985

| | AMOUNT PER RETURN | CORRECT AMOUNT | ADJUSTMENT |
|---|---|---|---|
| Illinois Basin JV | $ 214,207.00 | $ 214,207.00 | $ 0.00 |
| Castaic Hills JV | ( 66,293.00) | 0.00 | 66,293.00 |
| San Antonio JV | 2,370.00 | 2,370.00 | 0.00 |
| Utah Heavy Oil Project JV | (163,256.00) | 0.00 | 163,256.00 |
| Total | $ ( 12,972.00) | $ 216,577.00 | $ 229,549.00 |

The losses disallowed are being disallowed as nonpartnership items. Partnership item adjustments are not reflected since these can only be adjusted under TEFRA proceedings pursuant to the provisions of IRC section 6221 thru 6233.

Assigned - Swift

ORIGINAL

U.S. TAX COURT
FILED
NOV 28 2001

UNITED STATES TAX COURT

RECEIVED
01 NOV 28 AM 10:31
UNITED STATES
TAX COURT

| | |
|---|---|
| VULCAN OIL TECHNOLOGY PARTNERS, VANGUARD OIL TECHNOLOGY PARTNERS, DRAKE OIL TECHNOLOGY PARTNERS, DILLON OIL TECHNOLOGY PARTNERS, DERRINGER OIL TECHNOLOGY PARTNERS 1981, DERRINGER OIL TECHNOLOGY PARTNERS 1982, CROWNE OIL TECHNOLOGY PARTNERS, LOUIS COPPAGE, TAX MATTERS PARTNER<br><br>Petitioners, | |
| v. | Docket No. 16768-88 |
| COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | BC -- ELEKTRA/HEMISPHERE<br>Judge Swift |

ADM.
RECORDED
SERVICE
CAL.
STAT.
JUDGE Swift
FILES

## MOTION TO DISMISS FOR LACK OF PROSECUTION

THE RESPONDENT MOVES: That the Court dismiss this case for lack of prosecution in accordance with Tax Court Rule 123 since the Petitioners' Tax Matters Partner has failed to perform the duties and responsibilities required of a tax matters partner under the Tax Court's Rules of Practice and Procedure and such failure has precluded the further prosecution and ultimate resolution of this case, whether by trial or settlement.

THE RESPONDENT FURTHER MOVES: That the Court find in its order that the following statements show the adjustments to partnership items for the indicated partnerships and tax years:

Exhibit "D"

**Dillon Oil Technology Partners - 1984 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $3,670,203.00 | $0.00 |
| B. Guaranteed Payments | 97,933.00 | 97,933.00 |
| C. Other Deductions: | | |
| 1. License Fee | 19,586,665.00 | $0.00 |
| 2. Miscellaneous | 288,595.00 | 288,595.00 |
| Total Deductions | $23,643,396.00 | $386,528.00 |
| Total Income | 4,820,046.00 | 4,820,046.00 |
| Total Ordinary (Loss)/Income | ($18,823,350.00) | $4,433,518.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($21,039.00) | ($755.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 4,771,845.00 | 4,771,845.00 |
| Qualified Investment Expense | 288,595.00 | 288,595.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $4,820,046.00 | $4,820,046.00 |

Commissioner, 99 T.C. 132 (1992), aff'd sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994), cert. denied, 513 U.S. 1078 and 1079, 115 S. Ct. 726 (1995), and aff'd sub nom. Hill v. Commissioner, 204 F.3d 1214 (9th Cir. 2000), certain of the adjustments set forth in the schedules above are less than those determined in the Notices of Final Partnership Administrative Adjustment upon which this case is based.

IN SUPPORT THEREOF, the Respondent respectfully states:

**History of this Proceeding**

1. For the taxable year 1984, all of the above-listed partnerships were TEFRA partnerships. Accordingly, the tax treatment of all the above-listed partnerships for the 1984 tax year is determined at the partnership level pursuant to I.R.C. Section 6221.

2. For the taxable year 1985, Vulcan Oil Technology Partners, Vanguard Oil Technology Partners, Drake Oil Technology Partners, Dillon Oil Technology Partners, Derringer Oil Technology Partners 1981, Derringer Oil Technology Partners 1982 were TEFRA partnerships.[1] Accordingly, the tax treatment of these partnerships for the 1985 tax year is determined at the partnership level pursuant to I.R.C. Section 6221.

---

[1] The 1985 tax year of Crowne Oil Technology Partners is not before the court in this case. Rather, it is the subject of an action captioned in its own name and pending at Docket No. 24725-89.

3. Notices of Final Partnership Administrative Adjustment for the indicated partnership tax years were mailed to the Tax Matters Partner of the partnerships, pursuant to I.R.C. Section 6231(a)(7)(B), on the dates shown below:

| Partnership | Tax Years | Date of Mailing |
|---|---|---|
| Crowne Oil Technology Partners | 1984 | April 12, 1988 |
| Derringer Oil Tech. Partners 1981 | 1984, 1985 | April 11, 1988 |
| Derringer Oil Tech. Partners 1982 | 1984, 1985 | March 28, 1988 |
| Dillon Oil Technology Partners | 1984, 1985 | April 11, 1988 |
| Drake Oil Technology Partners | 1984, 1985 | April 14, 1988 |
| Vanguard Oil Technology Partners | 1984, 1985 | April 11, 1988 |
| Vulcan Oil Technology Partners | 1984, 1985 | April 11, 1988 |

4. On June 30, 1988, in accordance with section 6226(a), a petition in this case was filed on behalf of the Tax Matters Partner of each of the above-listed partnerships, American Energy Resources, Inc., by its authorized representative Declan O'Donnell.

5. On August 9, 1993, Declan O'Donnell filed an involuntary bankruptcy petition naming American Energy Resources, Inc., as a debtor in the United States District Court for the District of Colorado under Chapter 7.

6. Under Temp. Treas. Reg. Section 301.6231(a)(7)-1-T(1)(4), as then in effect, and under Treas. Reg. § 301.6231 (a)(7)-1(1)(1)(iv) a designation as tax matters partner

terminates when the partnership items of the tax matters partner become non-partnership items under Section 6231(c). Under I.R.C. Section 6231(c)(1)(E), partnership items become non-partnership items "in the case of other areas that the Secretary determines by regulation to present special enforcement considerations."

7. Under Treas. Reg. Section 301.6231(c)-7T(a), the Secretary has determined that special enforcement considerations are present when a partner is named as a debtor in a bankruptcy proceeding. Accordingly, partnership items of that partner are converted to non-partnership items as of the date of the filing of the bankruptcy petition. Since the partnership items of American Energy Resources, Inc., were converted to non-partnership items as of the date of the filing of the bankruptcy petition, the designation of American Energy Resources, Inc., as Tax Matters Partner of the above-listed partnerships terminated at that same time.

8. On November 10, 1997, the Respondent filed a motion to appoint a new tax matters partner for the above-listed partnerships. By order dated, March 22, 1999, the Court appointed Louis Coppage as Tax Matters Partner of the partnerships and recognized Declan O'Donnell as counsel for Petitioner Louis Coppage.

**Efforts to Contact Tax Matters Partner Louis Coppage**

9. Until late in 1999, various consistent settlement issues ancillary to this proceeding were pending before this Court. See Vulcan Oil Technology Partners v. Commissioner, 110 T.C. 153 (1998), aff'd sub nom. Tucek v. Commissioner, 198 F.3d 259 (10th Cir. 1999) and aff'd sub nom. Drake Oil Tech. Partners v. Commissioner, 211 F.3d 1277 (10th Cir. 2000), cert. denied, ___ U.S. ___, 121 S. Ct. 180 (2000).

10. After the Tenth Circuit affirmed Vulcan in Tucek and Drake, Respondent initiated contacts with Declan O'Donnell, counsel for Petitioners herein, including Louis Coppage, the above-listed partnerships' Tax Matters Partner, in an effort to move this case toward resolution. In various conversations between counsel for respondent and Mr. O'Donnell, Mr. O'Donnell indicated that barring possible success in pursuing the issues raised in Vulcan through a writ of certiorari, Petitioners were otherwise prepared to resolve the partnership adjustments pending in this case in accordance with the opinion in Krause.

11. During these conversations, counsel for Respondent and counsel for Petitioners discussed various mechanisms available under the Court's rules for resolving the partnerships' adjustments; however, in a conversation on July 17, 2000, Mr. O'Donnell informed Respondent that he could not contact the partnerships' Tax Matters Partner, Louis Coppage, and did not

have a current phone number or address for him, or any other contact information which would enable the parties to reach Mr. Coppage.

12. Subsequent to this conversation, and with authorization from Mr. O'Donnell, counsel for respondent attempted to obtain current contact information for Mr. Coppage and make direct contact with him.

13. After various efforts to obtain contact information for Mr. Coppage, including the use of various Internet search tools, Respondent did obtain a business phone number and address for Mr. Coppage, at the corporate offices of his business, Storage Area Networks. Using a voice mail box which identified itself as belonging to Louis Coppage, Respondent left a detailed phone message for Mr. Coppage in August of 2000.

14. After no response was made by Mr. Coppage, Respondent again attempted to contact Mr. Coppage on September 12, 2000, with no response. In a phone conversation on September 20, 2000, Mr. O'Donnell authorized and requested Respondent to contact Mr. Coppage by letter.

15. By letter dated September 25, 2000, the Respondent wrote Mr. Coppage to inform him of his responsibilities as the tax matters partner of the Partnerships. The letter requested that Mr. Coppage contact the Respondent or Mr. O'Donnell and provide either Respondent or his counsel with his current phone

number and address. A copy of this letter is attached hereto as Exhibit A.

16. The letter further stated that if Mr. Coppage was unable or unwilling to continue to function as the tax matters partner, he needed to inform either Respondent or his counsel, or in the alternative, the Court itself.

17. The letter also advised Mr. Coppage that if the Court allowed Mr. Coppage to resign as the tax matters partner, then a new tax matters partner would have to be designated and that in the event no qualified partner was willing to serve as the tax matters partner, the Court would be compelled to dismiss the actions for lack of prosecution since the proceedings cannot proceed without a functioning tax matters partner.

18. On November 11, 2000, the Respondent had a telephone conference with Mr. O'Donnell and was informed that Mr. O'Donnell had received a letter from Mr. Douglas R. Beaty, 92 Timber Creek Drive, Suite 101, Cordova, Tennesee, 38018, stating that he represented Mr. Coppage. The letter also requested information regarding Respondent's letter of September 25, 2000.

19. On November 27, 2000, Mr. O'Donnell faxed the Respondent the letter he had received from Mr. Beaty regarding the status of the partnership proceedings. The letter also states that Mr. Coppage "is <u>not</u> inclined to continue as the tax matters partner in these proceedings." A copy of this letter is

attached here to as Exhibit B.

20. On November 30, 2000, counsel for respondent contacted Mr. Beaty by phone (901-680-0888) and inquired if he had heard anything further from Mr. Coppage regarding whether Mr. Coppage would continue as tax matters partner. Mr. Beaty indicated he was still waiting for word from Mr. Coppage and did not know when he would hear from him.

21. By letter dated, December 18, 2000, the Respondent informed the Court of the status of the proceedings, including that neither the Respondent nor Mr. Coppage's own counsel of record for these proceedings, Mr. O'Donnell, had been successful in establishing communication with Mr. Coppage and that the parties could not proceed to resolve this action without the participation of a tax matters partner. A copy of the letter was mailed to both Mr. Coppage and Mr. O'Donnell.

22. Counsel for Respondent has had no subsequent communication, whether direct or indirect, from Mr. Coppage regarding this proceeding. In a conversation on November 13, 2001, counsel for Petitioners indicated that while he had received some correspondence from Mr. Beaty, he had not received anything that would represent instructions from Mr. Coppage as to how he should proceed in this matter.

23. More recently, in the related case of Crowne Oil Technology Partners, Louis Coppage, Tax Matters Partner v.

Commissioner, at Docket No. 24725-89, which involves the 1985 tax year of the same Crowne Oil Technology Partners pending here for its 1984 tax year, Respondent has served various documents on Mr. Coppage, both directly and in care of Mr. Beaty, but has had no response from Mr. Coppage. No documents mailed to Mr. Coppage at the business address in Castle Rock, Colorado, or mailed to Mr. Coppage at the Cordova, Tennessee address in care of Mr. Beaty, have been returned to respondent as undelivered.

24. For purposes of filing this motion, Respondent obtained listings from his computerized records of the partners who invested in the above-listed partnerships and whose partnership items will be determined in this proceeding. These listings reflect the last known address for each of the listed partners. The address listed for Mr. Louis Coppage is that same Cordova, Tennesee address indicated to be Mr. Beaty's address in Mr. Beaty's letter of November 11, 2000: 92 Timber Creek Dr. #101, Cordova, TN 38018.

**Grounds for Dismissal**

25. All the mechanisms available to the parties under Tax Court Rule 248 to ultimately resolve this matter require some participation by a tax matters partner. Consequently, to continue with this action, it is essential that a functional tax matters partner be in place for each partnership that is a party

to this action. Computer Programs Lambda v. Commissioner, 90 T.C. 1124, 1126 (1988).

26. The failure by Louis Coppage, current Tax Matters Partner of the partnerships, to communicate with this Court, counsel for Respondent, or even his own counsel regarding this action is clearly a failure to carry out the responsibilities of a tax matters partner, and constitutes a default on the part of the petitioning partnerships under Tax Court Rule 123 such that a decision should be entered against them.

27. Respondent has not been notified by Mr. Coppage, or any other partner of any of the partnerships that any of the partnerships have designated a new tax matters partner, in accordance with Treas. Reg. § 301.6231(a)(7)-1, for any of the taxable years at issue.

28. To date, counsel for Petitioners has not identified any other partners for any of the partnerships willing to serve as tax matter partner.

29. The apparent unwillingness by any other partners of the petitioning partnerships to assume the responsibilities of tax matters partner in this proceeding represents a further failure by the petitioning partnerships to properly prosecute this case and is a further ground under Tax Court Rule 123 upon which this case should be dismissed.

30. Attached as Exhibits C through O, respectively, to the original of this motion, and to the copies served on the Tax Matters Partner and counsel for Petitioners, is a list for each of the partnerships for each tax year, as indicated below, of the partners whose partnership items have not otherwise become nonpartnership items, including the current address for each partner:

| Exhibit No. | Name of Partnership | Tax Year |
|---|---|---|
| C | Crowne Oil Technology | 1984 |
| D | Derringer Oil Tech. Partners 1981 | 1984 |
| E | Derringer Oil Tech. Partners 1981 | 1985 |
| F | Derringer Oil Tech. Partners 1982 | 1984 |
| G | Derringer Oil Tech. Partners 1982 | 1985 |
| H | Dillon Oil Technology Partners | 1984 |
| I | Dillon Oil Technology Partners | 1985 |
| J | Drake Oil Technology Partners | 1984 |
| K | Drake Oil Technology Partners | 1985 |
| L | Vanguard Oil Technology Partners | 1984 |
| M | Vanguard Oil Technology Partners | 1985 |
| N | Vulcan Oil Technology Partners | 1984 |
| O | Vulcan Oil Technology Partners | 1985 |

(These exhibits are not included in the copies of this motion served on counsel for the participating partners.)

**The Partnership Item Adjustments That Should Be Sustained in the Court's Order of Dismissal and Decision**

31. All the material allegations of fact set forth in the petition for redetermination of partnership administrative adjustments in support of the assignments of error have been denied by Respondent's answer. No issues have been raised upon which the burden of proof is upon Respondent, and the Respondent has not conceded any error assigned in the petition for redetermination of partnership administrative adjustments.

32. No evidence has been adduced in support of the assignments of error raised in the petition.

33. Copies of the Notices of Final Partnership Administrative Adjustments upon which this case is based are attached to the answer in this case.

34. Each of the petitioning partnerships in this case invested in one or more of the following four partnerships (the "Upper Tier Partnerships":

Oil Technology Group/Illinois Basin (also known as Illinois Basin Joint Venture);

Oil Technology Group/San Antonio (also known as San Antonio Joint Venture);

Oil Technology Group/Castaic (also known as Castaic Hills Joint Venture);

Oil Technology Group/Utah (also known as Utah Heavy Oil Project Joint Venture).

Since the Upper Tier Partnerships are each subject to separate partnership proceedings under I.R.C. §§ 6221 through 6233, the proposed adjustments to partnership items in this case, as reflected in the statements starting on page 2, above, do not include partnership items of the Upper Tier Partnerships.

35. The proposed adjustments to partnership items in this case, as reflected in the statements starting on page 2, above, have been computed based on I.R.C. § 183 in accordance with the opinion in Krause.[2] Accordingly, the income or losses attributable to the Upper Tier Partnerships have been taken into account in the proposed adjustments under I.R.C. § 183(b). This is reflected for each petitioning partnership and tax year in an exhibit to this motion as indicated below:

| Exhibit No. | Partnership | Tax Year |
|---|---|---|
| P | Crowne Oil Technology Partners | 1984 |
| Q | Derringer Oil Tech. Partners 1981 | 1984 |
| R | Derringer Oil Tech. Partners 1981 | 1985 |
| S | Derringer Oil Tech. Partners 1982 | 1984 |
| T | Derringer Oil Tech. Partners 1982 | 1985 |

[2] No deductions for license fees or associated interest are allowable under section 183 since the Court found in Krause that the license fees paid by the partnerships "were excessive," "did not reflect arm's-length obligations," and "are not to be recognized as legitimate obligations of the partnerships," and that the associated debt obligations "did not constitute genuine debt obligations and are to be disregarded." 99 T.C. at 175.

| Exhibit No. | Partnership | Tax Year |
|---|---|---|
| U | Dillon Oil Technology Partners | 1984 |
| V | Dillon Oil Technology Partners | 1985 |
| W | Drake Oil Technology Partners | 1984 |
| X | Drake Oil Technology Partners | 1985 |
| Y | Vanguard Oil Technology Partners | 1984 |
| Z | Vanguard Oil Technology Partners | 1985 |
| AA | Vulcan Oil Technology Partners | 1984 |
| AB | Vulcan Oil Technology Partners | 1985 |

**Respondent's Notice to Counsel for Petitioners**

36. On November 13, 2001, counsel for respondent notified counsel for Petitioners of this motion and inquired whether there was any objection to its being granted. Counsel for Petitioners indicated that he had received no instruction from Louis Coppage,

Petitioners' Tax Matters Partner, on how to proceed in this action and that he could not state Petitioners' position on the motion.

WHEREFORE, Respondent requests that this motion be granted.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

By: ______________________
MARION S. FRIEDMAN
Associate Area Counsel (LMSB)
Tax Court Bar No. FM0245
8701 S. Gessner, Suite 710
Houston, Texas 77074
Telephone: (281) 721-7300

Date: NOV 27 2001

OF COUNSEL:
LINDA BURKE
Division Counsel
(Large and Mid-Size Business)
BERNARD B. NELSON
Area Counsel
(Natural Resources)

Assigned - Swift

ADM.
RECORDED
SERVICE
CAL.
STAT.
S.P. JUDGE
Swift
FILES

UNITED STATES TAX COURT
WASHINGTON, D.C. 20217

VULCAN OIL TECHNOLOGY PARTNERS,
VANGUARD OIL TECHNOLOGY PARTNERS,
DRAKE OIL TECHNOLOGY PARTNERS,
DILLON OIL TECHNOLOGY PARTNERS,
DERRINGER OIL TECHNOLOGY PARTNERS,
1981, DERRINGER OIL TECHNOLOGY
PARTNERS 1982, CROWNE OIL
TECHNOLOGY PARTNERS,
LOUIS COPPAGE, TAX MATTERS PARTNER,

Petitioners

v.

COMMISSIONER OF
INTERNAL REVENUE,

Respondent

Docket No. 16768-88

"ELEKTRA/HEMISPHERE"

ORDER AND ORDER OF DISMISSAL AND DECISION

By Orders dated December 21, 2001, and February 13, 2002, the Court directed the partners of Crowne Oil Technology Partners for its tax year 1984 and Vulcan Oil Technology Partners, Vanguard Oil Technology Partners, Drake Oil Technology Partners, Dillon Oil Technology Partners, Derringer Oil Technology Partners 1981, Derringer Oil Technology Partners 1982 for their tax years 1984 and 1985, whose names and addresses appear in Exhibits C through O attached to said Order, to show cause in writing why this case should not be dismissed for failure properly to prosecute. Upon due consideration, and for cause, it is

ORDERED that the Court's show cause orders dated December 21, 2001, and February 13, 2002, are hereby made absolute. It is further

ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed November 28, 2001, is granted. It is further

ORDERED AND DECIDED that the following statement shows the adjustments to the partnership items for the above-named partnerships and for the tax years as follows:

Exhibit "E"

SERVED JUN 13 2002