**Efforts to Contact Tax Matters Partner Louis Coppage**

9. Until late in 1999, various consistent settlement issues ancillary to this proceeding were pending before this Court. See Vulcan Oil Technology Partners v. Commissioner, 110 T.C. 153 (1998), aff'd sub nom. Tucek v. Commissioner, 198 F.3d 259 (10th Cir. 1999) and aff'd sub nom. Drake Oil Tech. Partners v. Commissioner, 211 F.3d 1277 (10th Cir. 2000), cert. denied, ___ U.S. ___, 121 S. Ct. 180 (2000).

10. After the Tenth Circuit affirmed Vulcan in Tucek and Drake, Respondent initiated contacts with Declan O'Donnell, counsel for Petitioners herein, including Louis Coppage, the above-listed partnerships' Tax Matters Partner, in an effort to move this case toward resolution. In various conversations between counsel for respondent and Mr. O'Donnell, Mr. O'Donnell indicated that barring possible success in pursuing the issues raised in Vulcan through a writ of certiorari, Petitioners were otherwise prepared to resolve the partnership adjustments pending in this case in accordance with the opinion in Krause.

11. During these conversations, counsel for Respondent and counsel for Petitioners discussed various mechanisms available under the Court's rules for resolving the partnerships' adjustments; however, in a conversation on July 17, 2000, Mr. O'Donnell informed Respondent that he could not contact the partnerships' Tax Matters Partner, Louis Coppage, and did not

have a current phone number or address for him, or any other contact information which would enable the parties to reach Mr. Coppage.

12. Subsequent to this conversation, and with authorization from Mr. O'Donnell, counsel for respondent attempted to obtain current contact information for Mr. Coppage and make direct contact with him.

13. After various efforts to obtain contact information for Mr. Coppage, including the use of various Internet search tools, Respondent did obtain a business phone number and address for Mr. Coppage, at the corporate offices of his business, Storage Area Networks. Using a voice mail box which identified itself as belonging to Louis Coppage, Respondent left a detailed phone message for Mr. Coppage in August of 2000.

14. After no response was made by Mr. Coppage, Respondent again attempted to contact Mr. Coppage on September 12, 2000, with no response. In a phone conversation on September 20, 2000, Mr. O'Donnell authorized and requested Respondent to contact Mr. Coppage by letter.

15. By letter dated September 25, 2000, the Respondent wrote Mr. Coppage to inform him of his responsibilities as the tax matters partner of the Partnerships. The letter requested that Mr. Coppage contact the Respondent or Mr. O'Donnell and provide either Respondent or his counsel with his current phone

number and address. A copy of this letter is attached hereto as Exhibit A.

16. The letter further stated that if Mr. Coppage was unable or unwilling to continue to function as the tax matters partner, he needed to inform either Respondent or his counsel, or in the alternative, the Court itself.

17. The letter also advised Mr. Coppage that if the Court allowed Mr. Coppage to resign as the tax matters partner, then a new tax matters partner would have to be designated and that in the event no qualified partner was willing to serve as the tax matters partner, the Court would be compelled to dismiss the actions for lack of prosecution since the proceedings cannot proceed without a functioning tax matters partner.

18. On November 11, 2000, the Respondent had a telephone conference with Mr. O'Donnell and was informed that Mr. O'Donnell had received a letter from Mr. Douglas R. Beaty, 92 Timber Creek Drive, Suite 101, Cordova, Tennesee, 38018, stating that he represented Mr. Coppage. The letter also requested information regarding Respondent's letter of September 25, 2000.

19. On November 27, 2000, Mr. O'Donnell faxed the Respondent the letter he had received from Mr. Beaty regarding the status of the partnership proceedings. The letter also states that Mr. Coppage "is <u>not</u> inclined to continue as the tax matters partner in these proceedings." A copy of this letter is

attached here to as Exhibit B.

20. On November 30, 2000, counsel for respondent contacted Mr. Beaty by phone (901-680-0888) and inquired if he had heard anything further from Mr. Coppage regarding whether Mr. Coppage would continue as tax matters partner. Mr. Beaty indicated he was still waiting for word from Mr. Coppage and did not know when he would hear from him.

21. By letter dated, December 18, 2000, the Respondent informed the Court of the status of the proceedings, including that neither the Respondent nor Mr. Coppage's own counsel of record for these proceedings, Mr. O'Donnell, had been successful in establishing communication with Mr. Coppage and that the parties could not proceed to resolve this action without the participation of a tax matters partner. A copy of the letter was mailed to both Mr. Coppage and Mr. O'Donnell.

22. Counsel for Respondent has had no subsequent communication, whether direct or indirect, from Mr. Coppage regarding this proceeding. In a conversation on November 13, 2001, counsel for Petitioners indicated that while he had received some correspondence from Mr. Beaty, he had not received anything that would represent instructions from Mr. Coppage as to how he should proceed in this matter.

23. More recently, in the related case of Crowne Oil Technology Partners, Louis Coppage, Tax Matters Partner v.

Commissioner, at Docket No. 24725-89, which involves the 1985 tax year of the same Crowne Oil Technology Partners pending here for its 1984 tax year, Respondent has served various documents on Mr. Coppage, both directly and in care of Mr. Beaty, but has had no response from Mr. Coppage. No documents mailed to Mr. Coppage at the business address in Castle Rock, Colorado, or mailed to Mr. Coppage at the Cordova, Tennessee address in care of Mr. Beaty, have been returned to respondent as undelivered.

24. For purposes of filing this motion, Respondent obtained listings from his computerized records of the partners who invested in the above-listed partnerships and whose partnership items will be determined in this proceeding. These listings reflect the last known address for each of the listed partners. The address listed for Mr. Louis Coppage is that same Cordova, Tennesee address indicated to be Mr. Beaty's address in Mr. Beaty's letter of November 11, 2000: 92 Timber Creek Dr. #101, Cordova, TN 38018.

**Grounds for Dismissal**

25. All the mechanisms available to the parties under Tax Court Rule 248 to ultimately resolve this matter require some participation by a tax matters partner. Consequently, to continue with this action, it is essential that a functional tax matters partner be in place for each partnership that is a party

to this action. Computer Programs Lambda v. Commissioner, 90 T.C. 1124, 1126 (1988).

26. The failure by Louis Coppage, current Tax Matters Partner of the partnerships, to communicate with this Court, counsel for Respondent, or even his own counsel regarding this action is clearly a failure to carry out the responsibilities of a tax matters partner, and constitutes a default on the part of the petitioning partnerships under Tax Court Rule 123 such that a decision should be entered against them.

27. Respondent has not been notified by Mr. Coppage, or any other partner of any of the partnerships that any of the partnerships have designated a new tax matters partner, in accordance with Treas. Reg. § 301.6231(a)(7)-1, for any of the taxable years at issue.

28. To date, counsel for Petitioners has not identified any other partners for any of the partnerships willing to serve as tax matter partner.

29. The apparent unwillingness by any other partners of the petitioning partnerships to assume the responsibilities of tax matters partner in this proceeding represents a further failure by the petitioning partnerships to properly prosecute this case and is a further ground under Tax Court Rule 123 upon which this case should be dismissed.

30. Attached as Exhibits C through O, respectively, to the original of this motion, and to the copies served on the Tax Matters Partner and counsel for Petitioners, is a list for each of the partnerships for each tax year, as indicated below, of the partners whose partnership items have not otherwise become nonpartnership items, including the current address for each partner:

| Exhibit No. | Name of Partnership | Tax Year |
|---|---|---|
| C | Crowne Oil Technology | 1984 |
| D | Derringer Oil Tech. Partners 1981 | 1984 |
| E | Derringer Oil Tech. Partners 1981 | 1985 |
| F | Derringer Oil Tech. Partners 1982 | 1984 |
| G | Derringer Oil Tech. Partners 1982 | 1985 |
| H | Dillon Oil Technology Partners | 1984 |
| I | Dillon Oil Technology Partners | 1985 |
| J | Drake Oil Technology Partners | 1984 |
| K | Drake Oil Technology Partners | 1985 |
| L | Vanguard Oil Technology Partners | 1984 |
| M | Vanguard Oil Technology Partners | 1985 |
| N | Vulcan Oil Technology Partners | 1984 |
| O | Vulcan Oil Technology Partners | 1985 |

(These exhibits are not included in the copies of this motion served on counsel for the participating partners.)

**The Partnership Item Adjustments That Should Be Sustained in the Court's Order of Dismissal and Decision**

31. All the material allegations of fact set forth in the petition for redetermination of partnership administrative adjustments in support of the assignments of error have been denied by Respondent's answer. No issues have been raised upon which the burden of proof is upon Respondent, and the Respondent has not conceded any error assigned in the petition for redetermination of partnership administrative adjustments.

32. No evidence has been adduced in support of the assignments of error raised in the petition.

33. Copies of the Notices of Final Partnership Administrative Adjustments upon which this case is based are attached to the answer in this case.

34. Each of the petitioning partnerships in this case invested in one or more of the following four partnerships (the "Upper Tier Partnerships":

Oil Technology Group/Illinois Basin (also known as Illinois Basin Joint Venture);

Oil Technology Group/San Antonio (also known as San Antonio Joint Venture);

Oil Technology Group/Castaic (also known as Castaic Hills Joint Venture);

Oil Technology Group/Utah (also known as Utah Heavy Oil Project Joint Venture).

Since the Upper Tier Partnerships are each subject to separate partnership proceedings under I.R.C. §§ 6221 through 6233, the proposed adjustments to partnership items in this case, as reflected in the statements starting on page 2, above, do not include partnership items of the Upper Tier Partnerships.

35. The proposed adjustments to partnership items in this case, as reflected in the statements starting on page 2, above, have been computed based on I.R.C. § 183 in accordance with the opinion in Krause.[2] Accordingly, the income or losses attributable to the Upper Tier Partnerships have been taken into account in the proposed adjustments under I.R.C. § 183(b). This is reflected for each petitioning partnership and tax year in an exhibit to this motion as indicated below:

| Exhibit No. | Partnership | Tax Year |
|---|---|---|
| P | Crowne Oil Technology Partners | 1984 |
| Q | Derringer Oil Tech. Partners 1981 | 1984 |
| R | Derringer Oil Tech. Partners 1981 | 1985 |
| S | Derringer Oil Tech. Partners 1982 | 1984 |
| T | Derringer Oil Tech. Partners 1982 | 1985 |

[2] No deductions for license fees or associated interest are allowable under section 183 since the Court found in Krause that the license fees paid by the partnerships "were excessive," "did not reflect arm's-length obligations," and "are not to be recognized as legitimate obligations of the partnerships," and that the associated debt obligations "did not constitute genuine debt obligations and are to be disregarded." 99 T.C. at 175.

| Exhibit No. | Partnership | Tax Year |
|---|---|---|
| U | Dillon Oil Technology Partners | 1984 |
| V | Dillon Oil Technology Partners | 1985 |
| W | Drake Oil Technology Partners | 1984 |
| X | Drake Oil Technology Partners | 1985 |
| Y | Vanguard Oil Technology Partners | 1984 |
| Z | Vanguard Oil Technology Partners | 1985 |
| AA | Vulcan Oil Technology Partners | 1984 |
| AB | Vulcan Oil Technology Partners | 1985 |

**Respondent's Notice to Counsel for Petitioners**

36. On November 13, 2001, counsel for respondent notified counsel for Petitioners of this motion and inquired whether there was any objection to its being granted. Counsel for Petitioners indicated that he had received no instruction from Louis Coppage,

Petitioners' Tax Matters Partner, on how to proceed in this action and that he could not state Petitioners' position on the motion.

WHEREFORE, Respondent requests that this motion be granted.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

By: ______________________
MARION S. FRIEDMAN
Associate Area Counsel (LMSB)
Tax Court Bar No. FM0245
8701 S. Gessner, Suite 710
Houston, Texas 77074
Telephone: (281) 721-7300

Date: NOV 27 2001

OF COUNSEL:
LINDA BURKE
Division Counsel
(Large and Mid-Size Business)
BERNARD B. NELSON
Area Counsel
(Natural Resources)

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing MOTION TO DISSMISS FOR LACK OF PROSECUTION was served on counsel for Petitioners by mailing the same on NOV 27 2001 in a postage paid wrapper addressed as follows:

Declan J. O'Donnell
499 S. Larkspur Dr.
Castle Rock, CO 80104

This is to further certify that copies of the aforementioned document were served on Louis Coppage, Tax Matters Partner, by mailing the same on NOV 27 2001 in postage paid wrappers addressed as follows:

Louis Coppage
c/o Storage Area Networks
900 W. Castleton Rd.
Castle Rock, CO 80104

Louis Coppage
c/o Douglas R. Beaty, P.C.
92 Timber Creek Drive, Suite 101
Cordova, TN 38018

Louis Coppage
92 Timber Creek Drive, Suite 101
Cordova, TN 38018

This is to further certify that copies of the aforementioned document were served on counsel for the participating partners by

mailing the same on NOV 27 2001 in postage paid wrappers addressed as follows:

John Gigounas, Esq.
100 Pine Street
Suite 750
San Francisco, CA 94111

Dennis N. Brager, Esq.
2029 Century Park East,
Suite 2550
Los Angeles, CA 90067

Date: NOV 27 2001

MARION S. FRIEDMAN
Associate Area Counsel (LMSB)
Tax Court Bar No. FM0245

Assigned - Swift

ADM.
RECORDED
SERVICE
CAL.
STAT.
S.P. JUDGE
Swift
FILES

UNITED STATES TAX COURT
WASHINGTON, D.C. 20217

VULCAN OIL TECHNOLOGY PARTNERS, VANGUARD OIL TECHNOLOGY PARTNERS, DRAKE OIL TECHNOLOGY PARTNERS, DILLON OIL TECHNOLOGY PARTNERS, DERRINGER OIL TECHNOLOGY PARTNERS, 1981, DERRINGER OIL TECHNOLOGY PARTNERS 1982, CROWNE OIL TECHNOLOGY PARTNERS, LOUIS COPPAGE, TAX MATTERS PARTNER,

Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No. 16768-88

"ELEKTRA/HEMISPHERE"

ORDER AND ORDER OF DISMISSAL AND DECISION

By Orders dated December 21, 2001, and February 13, 2002, the Court directed the partners of Crowne Oil Technology Partners for its tax year 1984 and Vulcan Oil Technology Partners, Vanguard Oil Technology Partners, Drake Oil Technology Partners, Dillon Oil Technology Partners, Derringer Oil Technology Partners 1981, Derringer Oil Technology Partners 1982 for their tax years 1984 and 1985, whose names and addresses appear in Exhibits C through O attached to said Order, to show cause in writing why this case should not be dismissed for failure properly to prosecute. Upon due consideration, and for cause, it is

ORDERED that the Court's show cause orders dated December 21, 2001, and February 13, 2002, are hereby made absolute. It is further

ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed November 28, 2001, is granted. It is further

ORDERED AND DECIDED that the following statement shows the adjustments to the partnership items for the above-named partnerships and for the tax years as follows:

Exhibit "E"

SERVED JUN 13 2002

Crowne Oil Technology Partners - 1984 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,683,838.00 | 0.00 |
| B. Depreciation | 2,458.00 | 2,458.00 |
| C. Other Deductions: | | |
| 1. License Fee | 5,945,000.00 | 0.00 |
| 2. Miscellaneous | 85,107.00 | 85,107.00 |
| Total Deductions | $7,716,403.00 | $87,565.00 |
| Total Income | 969,902.00 | 969,902.00 |
| Total Ordinary (Loss)/Income | ($6,746,501.00) | $882,337.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($38,818.00) | ($236.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 0.00 | 0.00 |
| Qualified Investment Expense | 87,448.00 | 87,443.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $969,902.00 | $969,902.00 |

Derringer Oil Technology Partners 1981 - 1984 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,092,710.00 | $0.00 |
| B. Guaranteed Payments | 4,544.00 | 4,544.00 |
| C. Depreciation | 1,639.00 | 1,639.00 |
| D. Other Deductions: | | |
| 1. License Fee | 1,803,750.00 | 0.00 |
| 2. Miscellaneous | 37,181.00 | 37,181.00 |
| Total Deductions | $2,939,824.00 | $43,364.00 |
| Total Income | 542,961.00 | 542,961.00 |
| Total Ordinary (Loss)/Income | ($2,396,863.00) | $499,597.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($10,273.00) | ($118.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 542,961.00 | 542,961.00 |
| Qualified Investment Expense | 43,187.00 | 43,187.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $542,961.00 | $542,961.00 |

Derringer Oil Technology Partners 1981 - 1985 Tax Year

| Partnership Item | As Reported | As Determined |
| --- | --- | --- |
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,267,199.00 | $0.00 |
| B. Depreciation | 1,638.00 | 1,638.00 |
| C. Other Deductions | 32,672.00 | 32,672.00 |
| Total Deductions | $1,301,509.00 | $34,310.00 |
| Total Income | 522,937.00 | 522,937.00 |
| Total Ordinary (Loss)/Income | ($778,572.00) | $488,627.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($6,518.00) | ($10.00) |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 522,937.00 | 522,937.00 |
| Qualified Investment Expense | 34,233.00 | 34,233.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $522,937.00 | $522,937.00 |

Derringer Oil Technology Partners 1982 - 1984 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,717,215.00 | 0.00 |
| B. Guaranteed Payments | 8,122.00 | 8,122.00 |
| C. Other Deductions: | | |
| 1. License Fee | 3,375,000.00 | 0.00 |
| 2. Miscellaneous | 67,202.00 | 67,202.00 |
| Total Deductions | $5,167,539.00 | $75,324.00 |
| Total Income | 1,054,274.00 | 1,054,274.00 |
| Total Ordinary (Loss)/Income | ($4,113,265.00) | $978,950.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($17,928.00) | ($212.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 1,043,731.00 | 1,043,731.00 |
| Qualified Investment Expense | 67,202.00 | 67,202.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $1,054,274.00 | $1,054,274.00 |

Derringer Oil Technology Partners 1982 - 1985 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $2,045,291.00 | $0.00 |
| B. Guaranteed Payments | 8,122.00 | 8,122.00 |
| C. Other Deductions | 57,334.00 | 57,334.00 |
| Total Deductions | $2,110,747.00 | $65,456.00 |
| Taxable Interest and Nonqualifying Dividends | $971,094.00 | $971,094.00 |
| Loss on Investment in Loans | 34,272.00 | 0.00 |
| Total Income | $936,822.00 | $971,094.00 |
| Total Ordinary (Loss)/Income | ($1,173,925.00) | $905,638.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($2,621.00) | ($18.00) |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 961,383.00 | 961,383.00 |
| Qualified Investment Expense | 57,334.00 | 57,334.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $971,094.00 | $971,094.00 |

Dillon Oil Technology Partners - 1984 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $3,670,203.00 | $0.00 |
| B. Guaranteed Payments | 97,933.00 | 97,933.00 |
| C. Other Deductions: | | |
| 1. License Fee | 19,586,665.00 | $0.00 |
| 2. Miscellaneous | 288,595.00 | 288,595.00 |
| Total Deductions | $23,643,396.00 | $386,528.00 |
| Total Income | 4,820,046.00 | 4,820,046.00 |
| Total Ordinary (Loss)/Income | ($18,823,350.00) | $4,433,518.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($21,039.00) | ($755.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 4,771,845.00 | 4,771,845.00 |
| Qualified Investment Expense | 288,595.00 | 288,595.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $4,820,046.00 | $4,820,046.00 |

Dillon Oil Technology Partners - 1985 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $5,529,262.00 | $0.00 |
| B. Guaranteed Payments | 97,933.00 | 97,933.00 |
| C. Other Deductions | 245,244.00 | 245,244.00 |
| Total Deductions | $5,872,439.00 | $343,177.00 |
| Taxable Interest and Nonqualifying Dividends | $4,413,085.00 | $4,413,085.00 |
| Loss on Investment in Loans | 140,897.00 | 0.00 |
| Total Income | $4,272,188.00 | $4,413,085.00 |
| Total Ordinary (Loss)/Income | ($1,600,251.00) | $4,069,908.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | $67,801.00 | ($65.00) |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 4,368,954.00 | 4,368,954.00 |
| Qualified Investment Expense | 245,244.00 | 245,244.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $4,413,085.00 | $4,413,085.00 |

**Drake Oil Technology Partners - 1984 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $5,141,314.00 | $0.00 |
| B. Depreciation | 8,913.00 | 8,913.00 |
| C. Other Deductions: | | |
| 1. License Fee | 18,155,000.00 | 0.00 |
| 2. Miscellaneous | 233,324.00 | 233,324.00 |
| Total Deductions | $23,538,551.00 | $242,237.00 |
| Total Income | 2,935,318.00 | 2,935,318.00 |
| Total Ordinary (Loss)/Income | ($20,603,233.00) | $2,693,081.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($118,900.00) | ($1,208.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Expense | 241,127.00 | 241,127.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $2,935,318.00 | $2.935,318.00 |

Drake Oil Technology Partners - 1985 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $6,953,770.00 | $0.00 |
| B. Depreciation | 8,193.00 | 8,193.00 |
| C. Other Deductions | 139,533.00 | 139,533.00 |
| Total Deductions | $7,101,496.00 | $147,726.00 |
| Taxable Interest and Nonqualifying Dividends | $2,856,182.00 | $2,856,182.00 |
| Loss on Investment in Loans | 114,240.00 | 0.00 |
| Total Income | $2,741,942.00 | $2,856,182.00 |
| Total Ordinary (Loss)/Income | ($4,359,554.00) | $2,708,456.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($36,139.00) | ($61.00) |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 2,856,182.00 | 2,856,182.00 |
| Qualified Investment Expense | 147,336.00 | 147,336.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $2,856,182.00 | $2,856,182.00 |

**Vanguard Oil Technology Partners - 1984 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $913,436.00 | $0.00 |
| B. Depreciation | 1,639.00 | 1,639.00 |
| C. Other Deductions: | | |
| 1. License Fee | 3,225,000.00 | 0.00 |
| 2. Miscellaneous | 49,855.00 | 49,855.00 |
| Total Deductions | $4,189,930.00 | $51,494.00 |
| Total Income | 551,075.00 | 551,075.00 |
| Total Ordinary (Loss)/Income | ($3,638,855.00) | $499,581.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($21,098.00) | ($149.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 545,564.00 | 545,564.00 |
| Qualified Investment Expense | 51,416.00 | 51,416.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $551,075.00 | $551,075.00 |

Vanguard Oil Technology Partners - 1985 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,235,540.00 | $0.00 |
| B. Depreciation | 1,639.00 | 1,639.00 |
| C. Other Deductions | 35,249.00 | 35,249.00 |
| Total Deductions | $1,272,428.00 | $36,888.00 |
| Taxable Interest and Nonqualifying Dividends | $507,533.00 | $507,533.00 |
| Loss on Investment in Loans | 19,040.00 | 0.00 |
| Total Income | $488,493.00 | $507,533.00 |
| Total Ordinary (Loss)/Income | ($783,935.00) | $470,645.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($6,467.00) | ($10.00) |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 502,458.00 | 502,458.00 |
| Qualified Investment Expense | 36,810.00 | 36,810.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $507,533.00 | $507,533.00 |

Vulcan Oil Technology Partners - 1984 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,500,390.00 | $0.00 |
| B. Depreciation | 2,458.00 | 2,458.00 |
| C. Other Deductions: | | |
| 1. License Fee | 5,300,000.00 | 0.00 |
| 2. Miscellaneous | 75,897.00 | 75,897.00 |
| Total Deductions | $6,878,745.00 | $78,355.00 |
| Total Income | 852,565.00 | 852,565.00 |
| Total Ordinary (Loss)/Income | ($6,026,180.00) | $774,210.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($34,575.00) | ($181.00) |
| Unadjusted Basis in ITC Property: | | |
| New - 3 Year - Sec. 48(q) | $0.00 | $0.00 |
| New - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 852,565.00 | 852,565.00 |
| Qualified Investment Expense | 78,238.00 | 78,238.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $852,565.00 | $852,565.00 |

Vulcan Oil Technology Partners - 1985 Tax Year

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $2,028,061.00 | $0.00 |
| B. Depreciation | 2,458.00 | 2,458.00 |
| C. Other Deductions | 47,729.00 | 47,729.00 |
| Total Deductions | $2,078,248.00 | $50,187.00 |
| Taxable Interest and Nonqualifying Dividends | $834,141.00 | $834,141.00 |
| Loss on Investment in Loans | 34,272.00 | 0.00 |
| Total Income | $799,869.00 | $834,141.00 |
| Total Ordinary (Loss)/Income | ($1,278,379.00) | $783,954.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($10,581.00) | ($18.00) |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Items: | | |
| Gross Income from Oil, Gas and Geothermal Properties | $0.00 | $0.00 |
| Deductions Allocable to Oil, Gas and Geothermal Properties | 0.00 | 0.00 |
| Qualified Investment Income | 834,141.00 | 834,141.00 |
| Qualified Investment Expense | 50,070.00 | 50,070.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |
| Intangible Drilling Costs | $0.00 | $0.00 |
| Investment Income for Investment Interest Expense | $834,141.00 | $834,141.00 |

It is further

ORDERED that in addition to normal service, the Clerk of the Court shall serve copies of this Order and Order of Dismissal and Decision on those partners of the above-named partnerships whose names and addresses appeared in Exhibits C through O that were made a part of the Court's show cause orders.

Stephen J. Swift
Judge

ENTERED: JUN 13 2002

PAGE NO-0001 IRS EMPLOYEE 0615540502

DATE REQUESTED 12-14-2004 PRINT DATE 12-14-2004

FORM NUMBER: 1040 TAX PERIOD: DEC 1984

TAXPAYER IDENTIFICATION NUMBER: [redacted]7008
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]-2844

ARTHUR B & MIRIAM J GAUSS
145 JORDAN AVE
SAN FRANCISCO CA 94118-2565-450 BODC-SB BODCLC-W

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 0.00
ACCRUED INTEREST: 0.00 AS OF 06-14-2004
ACCRUED PENALTY: 0.00 AS OF 06-14-2004

ACCOUNT BALANCE
PLUS ACCRUALS: 0.00

** EXEMPTIONS: 04 **FILING STATUS: MARRIED FILING JOINT
** ADJUSTED GROSS INCOME: 95,179.00
** TAXABLE INCOME: 54,173.00
TAX PER RETURN: 4,281.00

** PER RETURN OR AS ADJUSTED

08-16-1985 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
09-16-1985 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED<br>89221-229-64211-5 | 09-16-1985 | 4,281.00 |
| 430 | ESTIMATED TAX DECLARATION | 09-20-1984 | 7,710.00- |
| 430 | ESTIMATED TAX DECLARATION | 01-15-1985 | 2,570.00- |
| 170 | ESTIMATED TAX PENALTY<br>198536 | 09-16-1985 | 64.00 |
| 896 | OVERPAYMENT CREDIT OFFSET | 09-23-1985 | 458.53 |
| 846 | REFUND | 10-07-1985 | 5,541.21 |
| 776 | INTEREST DUE TAXPAYER | 10-07-1985 | 64.74- |
| 340 | RESTRICTED INTEREST ASSESSED<br>200322 | 06-09-2003 | 39,317.20 |
| 772 | INTEREST CORRECTION | 06-09-2003 | 64.74 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION<br>29247-542-08037-3 200322 | 06-09-2003 | 12,587.00 |
| 960 | RECEIVED POA/TIA | 07-21-2003 | |
| 340 | RESTRICTED INTEREST ASSESSED<br>200333 | 08-25-2003 | 33,244.96 |
| 290 | ADDITIONAL TAX ASSESSED | 08-25-2003 | 0.00 |

*****************************CONTINUED ON NEXT PAGE*****************************

Exhibit H

PAGE NO-0002

IRS EMPLOYEE 0615540502

| | | | |
|---|---|---|---|
| | 29254-616-18016-3 200333 | | |
| 670 | SUBSEQUENT PAYMENT | 08-10-2003 | 52,095.00- |
| 341 | RESTRICTED INTEREST ABATED | 10-20-2003 | 79.34- |
| 290 | ADDITIONAL TAX ASSESSED | 10-20-2003 | 0.00 |
| | 29254-675-18040-3 200341 | | |
| 340 | RESTRICTED INTEREST ASSESSED | 11-17-2003 | 121.87 |
| | 200345 | | |
| 290 | ADDITIONAL TAX ASSESSED | 11-17-2003 | 0.00 |
| | 29254-701-05004-3 200345 | | |
| 706 | OVERPAID CREDIT APPLIED | 11-17-2003 | 121.87- |
| | 1040 200212 | | |
| 706 | OVERPAID CREDIT APPLIED | 08-25-2003 | 33,039.56- |
| | 1040 200212 | | |
| 706 | OVERPAID CREDIT APPLIED | 04-15-2003 | 62.93- |
| | 1040 200212 | | |
| 276 | FAILURE TO PAY TAX PENALTY | 12-15-2003 | 62.93 |
| | 200349 | | |
| 341 | RESTRICTED INTEREST ABATED | 02-09-2004 | 404.45- |
| 290 | ADDITIONAL TAX ASSESSED | 02-09-2004 | 0.00 |
| | 29254-415-00002-4 200404 | | |
| 846 | REFUND | 02-09-2004 | 410.53 |
| 776 | INTEREST DUE TAXPAYER | 02-09-2004 | 6.08- |

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| ARTHUR B & MIRIAM J GAUSS<br>145 JORDAN AVE<br>SAN FRANCISCO CA 94118-2565 | [redacted]-7008 | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1983 | Period End 12/31/1984 | Period End |
|---|---|---|---|
| A. ORDINARY INC 84-0862763 | $ 43,698.00 | $ 47,948.00 | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 43,698.00 | 47,948.00 | |
| 3. Taxable Income Per Return or as Previously Adjusted | 36,182.00 | 6,225.00 | |
| 4. Corrected Taxable Income | 79,880.00 | 54,173.00 | |
| Tax Method | TAX RATE | TAX RATE | |
| Filing Status | JOINT | JOINT | |
| 5. Tax | 24,761.00 | 12,954.00 | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 24,761.00 | 12,954.00 | |
| 8. Less Credits A. CHILD CARE CREDIT | 173.00 | | |
| B. INVESTMENT CREDIT | 38.00 | | |
| C. POLITICAL CONTRIBUTION | | 63.00 | |
| D. GENERAL BUSINESS CREDIT | | 304.00 | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 24,550.00 | 12,587.00 | |
| 10. Plus Other Taxes A. ITC RECAPTURE | 3.00 | 10.00 | |
| B. SELF EMPLOYMENT TAX | 3,509.00 | 4,271.00 | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 28,062.00 | 16,868.00 | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 19,149.00 | 4,281.00 | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 8,913.00 | 12,587.00 | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 8,913.00 | $ 12,587.00 | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Exhibit I

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name of Taxpayer: ARTHUR B & MIRIAM J GAUSS | SS or EI Number: [redacted]7008 | Return Form No. 1040 |
|---|---|---|

| 17. Penalties | Period End 12/31/1983 | Period End 12/31/1984 | Period End |
|---|---|---|---|
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | 8,913.00 | 12,587.00 | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | 8,913.00 | 12,587.00 | |
| B. Penalties (line 18, page 2) (computed to 02/12/2003) | | | |
| C. Interest (IRC 6601) (computed to 02/12/2003) | 40,185.05 | 49,185.02 | |
| D. TMT Interest (computed to 02/12/2003 on TMT underpay) | 18,894.87 | 23,135.23 | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | 67,992.92 | 84,907.25 | |

Other Information:

This is an estimate only. This does not show payments or credits. A billing will be sent, however any payments made will reduce the accruing interest.

| Examiner's Signature | District | Date |
|---|---|---|
| Ms. Mumford | Ogden Service Center | 01/13/2003 |

RGS Ver. 5.00.00



Form 4549A-CG (Rev. 1-91)

198312 FORM 6251 - ALTERNATIVE MINIMUM TAX COMPUTATION

| | | | |
|---|---|---|---|
| 1. Adjusted Gross Income | | | 121,133.00 |
| 2. Medical and dental expense | 0.00 | | |
| 3. 0.050 of Adjusted Gross Income | 6,057.00 | | |
| 4. Line 2 less line 3 | | 0.00 | |
| 5. Contributions | | 25,947.00 | |
| 6. Casualty and theft losses | | 0.00 | |
| 7. Interest expense for residence | | 0.00 | |
| 8. Other interest expense | 1,952.00 | | |
| 9. Net Investment Income | 21,278.00 | | |
| 10. Lesser of line 8 or 9 | | 1,952.00 | |
| 11. Gambling losses to the extent of winnings | | 0.00 | |
| 12. Estate tax allowable under Section 691(c) | | 0.00 | |
| 13. Sum of lines 4, 5, 6, 7, 10, 11 and 12 | | | 27,899.00 |
| 14. Line 1 less Line 13 | | | 93,234.00 |
| 15. Tax preference items | | | 68,647.00 |
| 16. Sum of lines 14 and 15 - Alt Min Taxable Income | | | 161,881.00 |
| 17. Limitation amount | | | 40,000.00 |
| 18. Line 16 less line 17 | | | 121,881.00 |
| 19. 20% of line 18 | | | 24,376.00 |
| 20. Adjusted tax less total credits | | | 24,550.00 |
| 21. Line 19 less line 20 | | | 0.00 |
| 22. Foreign Tax Credit | | | 0.00 |
| 23. Line 21 less line 22 - ALTERNATIVE MINIMUM TAX | | | 0.00 |

198312 - EXPLANATION OF INTEREST ON TAX MOTIVATED TRANSACTION

It is determined that part of the underpayment of tax is attributable to tax motivated transactions as defined under Section 6621(c) of the Internal Revenue Code. Consequently, the annual rate of interest accruing after December 31, 1984 will be a percentage of the adjusted rate established under Section 6621(c) on any substantial underpayment attributable to tax motivated transactions. Interest applying to the amount on line 5 below will be computed and assessed at the applicable percentage.

| | |
|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 | 28,062.00 |
| 2. Total corrected tax liability without regard to tax motivated transactions | 19,149.00 |
| 3. Line 1 less line 2 - underpayment attributable to tax motivated transactions (0 if under $1,000) | 8,913.00 |
| 4. Tax Deficiency, Form 4549, line 13 | 8,913.00 |
| 5. Lesser of line 3 or line 4 - amount to which Section 6621(a) applies | 8,913.00 |

ADJUSTMENTS ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS:

| | |
|---|---|
| ORDINARY INC 84-0862763 | 43,698.00 |

198312 - TAX PRD INTEREST COMPUTATION TO 02/12/2003

| | | |
|---|---|---|
| Total Tax Deficiency | | 8,913.00 |
| Plus Penalties* | | |
| -Overvaluation | 0.00 | |
| -Substantial Understatement | 0.00 | |
| -Failure to File | 0.00 | |
| -Negligence | 0.00 | |
| -Civil Fraud | 0.00 | |
| -Accuracy Penalties | 0.00 | |
| Total Penalties* | | 0.00 |
| Tax Deficiency and Penalties Subject to Interest | | 8,913.00 |

| Type | Effective Dates | Days | Rate | Regular Interest | TMT Interest** |
|---|---|---|---|---|---|
| COMPOUND | 04/15/1984-12/31/1984 | 260 | 11.00 | 724.31 | 0.00 |
| COMPOUND | 01/01/1985-06/30/1985 | 181 | 13.00 | 641.62 | 133.33 |
| COMPOUND | 07/01/1985-12/31/1985 | 184 | 11.00 | 586.00 | 130.30 |
| COMPOUND | 01/01/1986-06/30/1986 | 181 | 10.00 | 552.29 | 129.92 |
| COMPOUND | 07/01/1986-12/31/1986 | 184 | 09.00 | 529.86 | 130.89 |
| COMPOUND | 01/01/1987-09/30/1987 | 273 | 09.00 | 831.80 | 217.27 |
| COMPOUND | 10/01/1987-12/31/1987 | 92 | 10.00 | 326.15 | 88.98 |
| COMPOUND | 01/01/1988-03/31/1988 | 91 | 11.00 | 363.31 | 101.56 |
| COMPOUND | 04/01/1988-09/30/1988 | 183 | 10.00 | 690.44 | 199.89 |
| COMPOUND | 10/01/1988-12/31/1988 | 92 | 11.00 | 396.90 | 118.87 |
| COMPOUND | 01/01/1989-03/31/1989 | 90 | 11.00 | 400.14 | 122.70 |
| COMPOUND | 04/01/1989-09/30/1989 | 183 | 12.00 | 927.27 | 295.03 |
| COMPOUND | 10/01/1989-12/31/1989 | 92 | 11.00 | 446.47 | 147.21 |
| COMPOUND | 01/01/1990-12/31/1990 | 365 | 11.00 | 1,898.47 | 661.52 |
| COMPOUND | 01/01/1991-03/31/1991 | 90 | 11.00 | 501.09 | 183.79 |
| COMPOUND | 04/01/1991-12/31/1991 | 275 | 10.00 | 1,465.41 | 558.29 |
| COMPOUND | 01/01/1992-03/31/1992 | 91 | 09.00 | 456.93 | 180.22 |
| COMPOUND | 04/01/1992-09/30/1992 | 183 | 08.00 | 842.71 | 339.75 |
| COMPOUND | 10/01/1992-12/31/1992 | 92 | 07.00 | 381.51 | 156.90 |
| COMPOUND | 01/01/1993-12/31/1993 | 365 | 07.00 | 1,586.01 | 672.10 |
| COMPOUND | 01/01/1994-06/30/1994 | 181 | 07.00 | 828.63 | 363.48 |
| COMPOUND | 07/01/1994-09/30/1994 | 92 | 08.00 | 494.72 | 220.91 |
| COMPOUND | 10/01/1994-12/31/1994 | 92 | 09.00 | 568.60 | 257.44 |
| COMPOUND | 01/01/1995-03/31/1995 | 90 | 09.00 | 568.86 | 261.27 |
| COMPOUND | 04/01/1995-06/30/1995 | 91 | 10.00 | 654.32 | 305.03 |
| COMPOUND | 07/01/1995-12/31/1995 | 184 | 09.00 | 1,233.40 | 587.79 |
| COMPOUND | 01/01/1996-03/31/1996 | 91 | 09.00 | 629.25 | 306.16 |
| COMPOUND | 04/01/1996-06/30/1996 | 91 | 08.00 | 571.28 | 281.56 |
| COMPOUND | 07/01/1996-12/31/1996 | 184 | 09.00 | 1,342.60 | 674.84 |
| COMPOUND | 01/01/1997-12/31/1997 | 365 | 09.00 | 2,858.14 | 1,495.56 |
| COMPOUND | 01/01/1998-03/31/1998 | 90 | 09.00 | 745.17 | 402.56 |
| COMPOUND | 04/01/1998-12/31/1998 | 275 | 08.00 | 2,109.40 | 1,166.67 |
| COMPOUND | 01/01/1999-03/31/1999 | 90 | 07.00 | 627.85 | 354.78 |
| COMPOUND | 04/01/1999-12/31/1999 | 275 | 08.00 | 2,279.44 | 1,316.02 |
| COMPOUND | 01/01/2000-03/31/2000 | 91 | 08.00 | 782.88 | 461.86 |
| COMPOUND | 04/01/2000-12/31/2000 | 275 | 09.00 | 2,781.06 | 1,679.85 |
| COMPOUND | 01/01/2001-03/31/2001 | 90 | 09.00 | 954.41 | 590.19 |
| COMPOUND | 04/01/2001-06/30/2001 | 91 | 08.00 | 876.06 | 547.73 |
| COMPOUND | 07/01/2001-12/31/2001 | 184 | 07.00 | 1,593.43 | 1,010.62 |
| COMPOUND | 01/01/2002-12/31/2002 | 365 | 06.00 | 2,841.84 | 1,847.08 |

Taxpayer: ARTHUR B & MIRIAM J GAUSS
Identification Number: [redacted] TOTAL 01/13/2003
5.00.00

198312 - TAX PRD INTEREST COMPUTATION TO 02/12/2003 (con't)

| Type | Effective Dates | Days | Rate | Regular Interest | TMT Interest* |
|---|---|---|---|---|---|
| COMPOUND | 04/15/1984-12/31/1984 | 260 | 11.00 | 724.31 | 0.00 |
| | Total Interest | | | 40,185.05 | 18,894.87 |
| | Total TMT Interest | | | 18,894.87 | |
| | Total Underpayment | | | 8,913.00 | |
| | Total Penalties | | | 0.00 | |
| | Total Amount Due | | | 67,992.92 | |

Additional interest will be charged at the current rate compounded daily. Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier. Negligence and fraud penalties, if applicable, will also continue to be charged. Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for Negligence and Civil Fraud) and is computed from the due date of the return unless a valid extension was filed. Extension date:

** TMT (Tax Motivated Transaction) interest is computed on the underpayment of tax attributable to such transactions for interest period after 12/31/84.

FORM 886-A | EXPLANATION OF ITEMS | SCHEDULE/EXHIBIT

NAME OF TAXPAYER
ARTHUR B & MIRIAM J GAUSS [redacted]-7008

YEAR/PERIOD ENDED
198312

STANDARD PARAGRAPHS:

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| ORDINARY INC 84-0862763 | (43,698.00) | 0.00 | 43,698.00 |

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return.

PAYMENT OR INSTALLMENT PLAN

If you agree with our proposed adjustment, to avoid additional interest charges, it is to your advantage to pay the full amount due now. If you are unable to pay the full amount at this time, you may make a partial payment and request, in writing, an installment plan.

Upon receipt of your request, we will either approve a monthly installment plan or ask you to fill out a financial statement that will help us understand your financial condition and ability to pay.

Installment plans are subject to some conditions, such as making payments on time, paying all other Federal taxes on time, and giving current financial information when requested. If we approve an installment plan, we will send you the additional information you will need.

Although the monthly installment plan may be approved, the penalties and interest will continue to accrue on the unpaid balance until the total amount due is paid.

Name of Taxpayer: ARTHUR B & MIRIAM J GAUSS
Identification Number: [redacted]7008 TOTAL 01/13/2003
5.00.00

198412 FORM 3800 - GENERAL BUSINESS CREDIT

| | | |
|---|---|---|
| 1. | Tentative Investment Credit | 304.00 |
| 2. | Tentative Jobs Credit | 0.00 |
| 3. | Tentative Alcohol Used as Fuel Credit | 0.00 |
| 5. | Carrybacks and Carryovers | 0.00 |
| 6. | Total Available Credit subject to Limitation | 304.00 |
| 7. | Income Tax liability as adjusted | 12,891.00 |
| 8. | General Business Credit Limitation | 12,891.00 |
| 9. | General Business Credit as Corrected | 304.00 |
| 10. | General Business Credit available for carryover or carryback | 0.00 |

198412 - EXPLANATION OF INTEREST ON TAX MOTIVATED TRANSACTION

It is determined that part of the underpayment of tax is attributable to tax motivated transactions as defined under Section 6621(c) of the Internal Revenue Code. Consequently, the annual rate of interest accruing after December 31, 1984 will be a percentage of the adjusted rate established under Section 6621(c) on any substantial underpayment attributable to tax motivated transactions. Interest applying to the amount on line 5 below will be computed and assessed at the applicable percentage.

| | | |
|---|---|---|
| 1. | Total corrected tax liability, Form 4549, line 11 | 16,868.00 |
| 2. | Total corrected tax liability without regard to tax motivated transactions | 4,281.00 |
| 3. | Line 1 less line 2 - underpayment attributable to tax motivated transactions (0 if under $1,000) | 12,587.00 |
| 4. | Tax Deficiency, Form 4549, line 13 | 12,587.00 |
| 5. | Lesser of line 3 or line 4 - amount to which Section 6621(a) applies | 12,587.00 |

ADJUSTMENTS ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS:

| | |
|---|---|
| ORDINARY INC 84-0862763 | 47,948.00 |

198412 - TAX PRD INTEREST COMPUTATION TO 02/12/2003

| | | |
|---|---|---|
| Total Tax Deficiency Plus Penalties* | | 12,587.00 |
| -Overvaluation | 0.00 | |
| -Substantial Understatement | 0.00 | |
| -Failure to File | 0.00 | |
| -Negligence | 0.00 | |
| -Civil Fraud | 0.00 | |
| -Accuracy Penalties | 0.00 | |
| Total Penalties* | | 0.00 |
| Tax Deficiency and Penalties Subject to Interest | | 12,587.00 |

| Type | Effective Dates | Days | Rate | Regular Interest | TMT Interest** |
|---|---|---|---|---|---|
| COMPOUND | 04/15/1985-06/30/1985 | 76 | 13.00 | 345.30 | 70.18 |
| COMPOUND | 07/01/1985-12/31/1985 | 184 | 11.00 | 737.26 | 157.23 |
| COMPOUND | 01/01/1986-06/30/1986 | 181 | 10.00 | 694.85 | 157.07 |
| COMPOUND | 07/01/1986-12/31/1986 | 184 | 09.00 | 666.64 | 158.48 |
| COMPOUND | 01/01/1987-09/30/1987 | 273 | 09.00 | 1,046.52 | 263.52 |
| COMPOUND | 10/01/1987-12/31/1987 | 92 | 10.00 | 410.34 | 108.06 |
| COMPOUND | 01/01/1988-03/31/1988 | 91 | 11.00 | 457.09 | 123.42 |
| COMPOUND | 04/01/1988-09/30/1988 | 183 | 10.00 | 868.67 | 243.15 |
| COMPOUND | 10/01/1988-12/31/1988 | 92 | 11.00 | 499.35 | 144.73 |
| COMPOUND | 01/01/1989-03/31/1989 | 90 | 11.00 | 503.43 | 149.48 |
| COMPOUND | 04/01/1989-09/30/1989 | 183 | 12.00 | 1,166.63 | 359.74 |
| COMPOUND | 10/01/1989-12/31/1989 | 92 | 11.00 | 561.72 | 179.65 |
| COMPOUND | 01/01/1990-12/31/1990 | 365 | 11.00 | 2,388.53 | 808.30 |
| COMPOUND | 01/01/1991-03/31/1991 | 90 | 11.00 | 630.44 | 224.82 |
| COMPOUND | 04/01/1991-12/31/1991 | 275 | 10.00 | 1,843.68 | 683.44 |
| COMPOUND | 01/01/1992-03/31/1992 | 91 | 09.00 | 574.88 | 220.77 |
| COMPOUND | 04/01/1992-09/30/1992 | 183 | 08.00 | 1,060.24 | 416.37 |
| COMPOUND | 10/01/1992-12/31/1992 | 92 | 07.00 | 480.00 | 192.34 |
| COMPOUND | 01/01/1993-12/31/1993 | 365 | 07.00 | 1,995.41 | 824.44 |
| COMPOUND | 01/01/1994-06/30/1994 | 181 | 07.00 | 1,042.53 | 446.14 |
| COMPOUND | 07/01/1994-09/30/1994 | 92 | 08.00 | 622.42 | 271.23 |
| COMPOUND | 10/01/1994-12/31/1994 | 92 | 09.00 | 715.38 | 316.15 |
| COMPOUND | 01/01/1995-03/31/1995 | 90 | 09.00 | 715.70 | 320.94 |
| COMPOUND | 04/01/1995-06/30/1995 | 91 | 10.00 | 823.22 | 374.78 |
| COMPOUND | 07/01/1995-12/31/1995 | 184 | 09.00 | 1,551.79 | 722.45 |
| COMPOUND | 01/01/1996-03/31/1996 | 91 | 09.00 | 791.68 | 376.43 |
| COMPOUND | 04/01/1996-06/30/1996 | 91 | 08.00 | 718.75 | 346.24 |
| COMPOUND | 07/01/1996-12/31/1996 | 184 | 09.00 | 1,689.17 | 830.14 |
| COMPOUND | 01/01/1997-12/31/1997 | 365 | 09.00 | 3,595.92 | 1,840.84 |
| COMPOUND | 01/01/1998-03/31/1998 | 90 | 09.00 | 937.52 | 495.73 |
| COMPOUND | 04/01/1998-12/31/1998 | 275 | 08.00 | 2,653.92 | 1,437.12 |
| COMPOUND | 01/01/1999-03/31/1999 | 90 | 07.00 | 789.92 | 437.16 |
| COMPOUND | 04/01/1999-12/31/1999 | 275 | 08.00 | 2,867.85 | 1,622.04 |
| COMPOUND | 01/01/2000-03/31/2000 | 91 | 08.00 | 984.97 | 569.41 |
| COMPOUND | 04/01/2000-12/31/2000 | 275 | 09.00 | 3,498.96 | 2,071.68 |
| COMPOUND | 01/01/2001-03/31/2001 | 90 | 09.00 | 1,200.78 | 728.06 |
| COMPOUND | 04/01/2001-06/30/2001 | 91 | 08.00 | 1,102.21 | 675.77 |
| COMPOUND | 07/01/2001-12/31/2001 | 184 | 07.00 | 2,004.75 | 1,247.10 |
| COMPOUND | 01/01/2002-12/31/2002 | 365 | 06.00 | 3,575.42 | 2,279.95 |

Case 1:06-cv-00222-NBF Document 15-23 Filed 11/14/2006 Page 42 of 44

198412 - TAX PRD INTEREST COMPUTATION TO 02/12/2003 (con't)

| Type | Effective Dates | Days | Rate | Regular Interest | TMT Interest* |
|---|---|---|---|---|---|
| COMPOUND | 04/15/1985-06/30/1985 | 76 | 13.00 | 345.30 | 70.18 |
| | Total Interest | | | 49,185.02 | 23,135.23 |
| | Total TMT Interest | | | 23,135.23 | |
| | Total Underpayment | | | 12,587.00 | |
| | Total Penalties | | | 0.00 | |
| | Total Amount Due | | | 84,907.25 | |

Additional interest will be charged at the current rate compounded daily. Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier. Negligence and fraud penalties, if applicable, will also continue to be charged. Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for Negligence and Civil Fraud) and is computed from the due date of the return unless a valid extension was filed. Extension date:

** TMT (Tax Motivated Transaction) interest is computed on the underpayment of tax attributable to such transactions for interest period after 12/31/84.

FORM 886-A

EXPLANATION OF ITEMS

SCHEDULE/EXHIBIT

NAME OF TAXPAYER
ARTHUR B & MIRIAM J GAUSS [redacted]7008

YEAR/PERIOD ENDED
198412

STANDARD PARAGRAPHS:

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| ORDINARY INC 84-0862763 | (47,948.00) | 0.00 | 47,948.00 |

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return.

EVENT SUMMARY REPORT
Taxpayer name...: Gauss - 1984
Taxpayer ID#....:

TVS Interest Version 2004.3
07-05-05
Page 1

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Tax | 05-23-85 | 12,587.00 | 12,587.00 |
| Interest Computation Date | 06-09-03 | | 61,917.76 |

(1) Balance includes any interest and penalties accrued as of the Event Date

Summary as of 06-09-03

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 12,587.00 | 0.00 | 0.00 | 12,587.00 |
| Interest | 49,330.76 | 0.00 | 0.00 | 49,330.76 |
| Totals | 61,917.76 | 0.00 | 0.00 | 61,917.76 |

Prepared using: FEDERAL IRS interest rates
Table end date: 09-30-04 TVS Table

$ 39,317.20 Interest Assessed 6-9-03
+33,244.96 " " 8-25-03
-79.34 " Abated 10-20-03
+121.87 " Assessed 11-17-03
-404.45 " Abated 2-9-04

72,200.24 Total Interest Assessed
49,330.76 Interest w/o §6621(c)

22,869.48 Interest due to §6621(c)

Exhibit I