Form **843** (Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: Steven J. and Janis Z. Koehler

Your SSN or ITIN: [redacted]3356

Address (number, street, and room or suite no.): c/o Thomas E. Redding, 2914 West T.C. Jester

Spouse's SSN or ITIN: [redacted]4563

City or town, state, and ZIP code: Houston, Texas 77018

Employer identification number (EIN):

Name and address shown on return if different from above:
200 Turman Dr.
Fort Collins, CO 80525-9375

Daytime telephone number: (713) 965-9244

**1** Period. Prepare a separate Form 843 for each tax period
From January 1, 1983 to December 31, 1983

**2** Amount to be refunded or abated $ 27,173.83**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty — IRC section ▶ Section 6621(c)

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ October 20, 1989 and July 10, 2003

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

*Please See Explanation Attached*

*** or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Steven J. Koehler — Date 6/30/05
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Janis Z. Koehler — Date 6/30/05
Signature

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

PLAINTIFFS' EXHIBIT T

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| STEVEN J. KOEHLER<br>JANIS L. KOEHLER<br>200 TURMAN DR.<br>FORT COLLINS, CO 80525 | [redacted] 3356<br>[redacted] 4563 | |
| | Daytime telephone number<br>970-223-6101 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here SJK JLK and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Steven J. Koehler (signature) — 7/30/03

Signature | Date | Title (if applicable)

STEVEN J. KOEHLER

Print Name

Janis Z. Koehler (signature) — 7/30/03

Signature | Date | Title (if applicable)

JANIS Z. KOEHLER

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 8/15/03 |
| A | Texas | (signature) Sallie W. Gladney | 8-15-03 |
| A | Texas | (signature) Teresa J. Womack | 8/15/03 |

# STEVEN J. AND JANIS Z. KOEHLER

**(SSN [redacted]3356 and SSN [redacted]4563)**
**EXPLANATION - 1983 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Drake Oil Technology Partners partnership (referred to in this explanation as "the Partnership") for 1983 is filed based upon the following grounds:

1. The claim is timely. It is being filed within two years from the date of payment.

2. The taxpayer(s) invested as a limited partner in Drake Oil Technology Partners – a partnership in the Elektra partnership group – and took a deduction based on his related partnership losses on his individual tax return for 1983.

3. The IRS issued Notice(s) of Final Partnership Administrative Adjustment ("FPAAs")for the partnership. The FPAAs proposed adjustments to partnership items on multiple grounds – some "tax motivated transactions" ("TMTs") under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit." See Exhibit A.

4. On July 2, 1987, a combined Tax Court petition for tax year 1983 was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

5. In 1992, the Tax Court issued its published opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). See Exhibit B. *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld the Tax Court's *Krause* opinion in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994). See Exhibit C.

6. In each related TEFRA case, including *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*." See excerpt attached as Exhibit D.

7. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." See excerpt attached as Exhibit E. The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

8. Based on the *Vulcan Oil* decision the IRS assessed tax, interest, and §6621(c) penalty interest against the taxpayer(s). See Exhibit H.

9. The IRS issued to the taxpayer(s) a Form 4549A-CG showing how the IRS computed the purported liability. See Exhibit I. The Form 4549 states that the underpayment of tax is attributable to TMT as defined under §6621(c). The basis of these purported TMT is not

specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

10. The portion of interest assessed due to the penalty rate under §6621(c) was $27,173.83 ($60,703.71 - $33,529.88). See Exhibits H and J.

11. The taxpayer(s) paid the assessed tax and interest, including §6621(c) penalty interest, in full. See Exhibit H.

12. The taxpayer is not liable for §6621(c) penalty interest because:

a. *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). See Exhibit F.

On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships, including the taxpayer(s), are not subject to §6621(c) penalty interest;

b. *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004).See Exhibit G.

On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs (see Exhibit A) and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the taxpayer(s) was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

c. In any event no portion of the underlying liability was attributable to a TMT as defined in §6621(c) or the regulations thereunder.

d. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

13. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers which the taxpayers should have been able to seek in an offer in compromise, but which the IRS notified taxpayers' counsel would be denied by the IRS based on its improperly restrictive regulations under §7122 regarding effective tax administration offers in compromise and their refusal to consider offers in compromise after the taxpayers fully paid the liability.

14. The recomputation of interest takes into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

Exhibits:
Exhibit A - Notice of Final Partnership Administrative Adjustment
Exhibit B - *Krause v.Commissioner*, 99 T.C. 132 (1992)
Exhibit C - *Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir. 1994)
Exhibit D - Excerpts from Motion to Dismiss filed in *Vulcan Oil*
Exhibit E - Excerpts from Decision filed in *Vulcan Oil*
Exhibit F - *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002)
Exhibit G - *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004)
Exhibit H - Evidence of Assessment and Payment
Exhibit I - Form 4549
Exhibit J - Recomputation of Interest

Internal Revenue Service

Department of the Treasury

X-A

C00153174

Date: APR 06 1...

Name of Partnership: Drake Oil Technology

Taxpayer Identifying Number: 84-0856853

Tax Year Ended: December 31, 1983

Date FPAA Mailed to Tax Matters Partner:

Person to Contact: E. Walstaad

Contact Telephone Number: (303) 844-5934

American Energy Resources, Inc. TMP
Drake Oil Technology
1360 Sunset Cliffs Blvd.
San Diego, CA 92107

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Settlement Agreement for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, sign and return the enclosed Form 870-P. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20717. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by

(over)

law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the x matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An IRS employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Lawrence B. Gibbs
Commissioner
by

G. L. Mihlbachler
District Director

Enclosures:
Form 870-P
Copy of this letter

Page ___ of ___ pages

Form **4605-A** (Rev. July 1980)

Department of the Treasury—Internal Revenue Service

# Examination Changes - Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations

| Name and Address | Employer Identification Number | Form Number |
|---|---|---|
| Drake Oil Technology Partners<br>1360 Sunset Cliffs Blvd.<br>San Diego, CA 92107 | 84-0856853 | 1065 |
| | Person Examination Changes Were Discussed With | Name:<br>Title: |

| 1. Adjustments to ordinary, distributable net, or taxable income | Year 1983 | Year | Year |
|---|---|---|---|
| a Deductions | 23,198,105 | | |
| b | | | |
| c. | | | |
| d | | | |
| e. | | | |
| f. | | | |
| g | | | |
| 2 Total adjustments to ordinary, ~~distributable net, or taxable~~ income | 23,198,105 | | |
| 3 Ordinary, ~~distributable net, or taxable~~ income as reported | (19,698,934) | | |
| 4 Corrected ordinary, ~~distributable net, or taxable~~ income. | 3,499,171 | | |
| 5 Other adjustments - See Attached | | | |
| a | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| b | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Remarks

| Examiner's Signature | District Office | Date |
|---|---|---|
| [illegible signature] | 84 | [illegible] |

Drake Oil Technology Partners
1983-1065
Other Adjustments

| | | |
|---|---|---|
| Item 5a. | Net Investment (Loss) | |
| | Tax Preference Item | |
| | Adjustment | $19,501,945 |
| | As Reported | ($19,501,945) |
| | Corrected | $0 |
| Item 5b. | Net Earnings (loss) | |
| | From Self-employment | |
| | Adjustment | $164,070 |
| | As Reported | ($7,720) |
| | Corrected | $156,350 |
| Item 5c. | Basis of New Recovery Property | |
| | Eligible for ITC-Other (48q) | |
| | Adjustment | $3,272 |
| | As Reported | $3,272 |
| | Corrected | $0 |
| Item 5d. | Basis of Used Recovery Property | |
| | Eligible for ITC-Other (48q) | |
| | Adjustment | $107,083 |
| | As Reported | $107,083 |
| | Corrected | $0 |
| Item 5e. | Cost Depletion | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |
| Item 5f. | Oil & Gas Depletion to | |
| | Extent of Basis | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

---

1. It is determined that the deductions, reported by Drake Oil Technology (A TEFRA Partnership) on its 1983 partnership income tax return in the amount of $23,198,105.00 (See Exhibit A) are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity:

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income:

[illegible]

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

---

1. (Cont'd)

In addition, it has not been shown:

(a) That the entity from which the partnership purportedly licensed a technology portfolio had any rights to such property which could be licensed;

(b) What the fair market value of the purported technology license is, and that the purported price of the license to the partnership, did not unreasonably exceed the fair market value of such license;

(c) What the fair market value of the extraction rights to the Parker Field is, and that the purported price of such extraction rights to the partnership, did not unreasonably exceed the fair market value of such rights.

In addition, it has not been established that license fees claimed by the partnership qualify as research and experimental expenditures under Internal Revenue Code Section 174.

Additionally, the deductions are not allowable because they have not been adequately substantiated as to amount or the nature of the deduction.

Additionally, the deductions are disallowed because there was no response received to requests to provide documents and other information to support the claimed deductions. Because of this, it could not be established which deductions were proper or what the proper amounts of the ceductions should be.

Furthermore, it has not been established that the partners were at risk within the meaning of Internal Revenue Code Section 465 for any amounts in excess of those actually paid in cash to the partnership. Thus it has not been established that the partnership losses are [illegible]

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

This Final Partnership Administrative Adjustment for the tax year ended December 31, 1983 does not reflect possible adjustments to Oil Technology Group-Illinois Basin Partnership, a TEFRA partnership in which you were a partner in 1983. Oil Technology Group-Illinois Basin Partnership is currently under examination pursuant to the TEFRA provisions of IRC section 6221 thru 6231. You will be informed of any adjustments to your 1983 returns after completion of the partnership examination.

EXHIBIT A

SCHEDULE OF DEDUCTIONS
RE: DRAKE OIL TECHNOLOGY PARTNERS
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1983

| | AMOUNT PER RETURN | AMOUNT PER EXAMINATION | ADJUSTMENT |
|---|---|---|---|
| Interest expense | $ 3,401,521 | $0 | $ 3,401,521 |
| Guaranteed payments | 156,350 | 0 | 156,350 |
| License fee | 18,155,000 | 0 | 18,155,000 |
| Accounting | 22,310 | 0 | 22,310 |
| Abandonment | 579,558 | 0 | 579,558 |
| Legal & Other expenses | 25,483 | 0 | 25,483 |
| Consulting | 704,060 | 0 | 704,060 |
| Amortization | 54,465 | 0 | 54,465 |
| Depreciation | 8,583 | 0 | 8,583 |
| Overhead | 90,775 | 0 | 90,775 |
| Total | $23,198,105 | $0 | $23,198,105 |

ORIGINAL

U.S. TAX COURT
FILED
DEC 20 2001

**UNITED STATES TAX COURT**

VULCAN OIL TECHNOLOGY PARTNERS, )
VANGUARD OIL TECHNOLOGY PARTNERS, )
DRAKE OIL TECHNOLOGY PARTNERS, )
DILLON OIL TECHNOLOGY PARTNERS, )
DERRINGER OIL TECHNOLOGY PARTNERS )
1981, DERRINGER OIL TECHNOLOGY )
PARTNERS 1982, CROWNE OIL )
TECHNOLOGY PARTNERS, )
LOUIS COPPAGE, TAX MATTERS PARTNER, )

Petitioners, )

v. ) Docket No. 21530-87

BC -- ELEKTRA/HEMISPHERE
COMMISSIONER OF INTERNAL REVENUE, ) Judge Swift

Respondent. )

RECEIVED

**MOTION TO DISMISS FOR LACK OF PROSECUTION**

THE RESPONDENT MOVES: That the Court dismiss this case for lack of prosecution in accordance with Tax Court Rule 123 since the Petitioners' Tax Matters Partner has failed to perform the duties and responsibilities required of a tax matters partner under the Tax Court's Rules of Practice and Procedure and such failure has precluded the further prosecution and ultimate resolution of this case, whether by trial or settlement.

THE RESPONDENT FURTHER MOVES: That the Court find in its order that the following statements show the adjustments to partnership items for the indicated partnerships and tax years:

Exhibit "D"

**Crowne Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,113,855.00 | $0.00 |
| B. Guaranteed Payments | 48,456.00 | 48,456.00 |
| C. Depreciation | 2,575.00 | 2,575.00 |
| D. Other Deductions: | | |
| 1. License Fee | 5,945,000.00 | 0.00 |
| 2. Miscellaneous | 470,649.00 | 470,649.00 |
| Total Deductions | $7,580,535.00 | $521,680.00 |
| Total Income | 1,050,483.00 | 1,050,483.00 |
| Total Ordinary (Loss)/Income | ($6,530,052.00) | $528,803.00 |
| Other Adjustments: | | |
| Long Term Capital Gain | $7,360.00 | $7,360.00 |
| Net Earnings from Self-Employment | ($2,416.00) | $0.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $735,965.00 | $735,965.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |

**Derringer Oil Technology Partners 1981 - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $895,482.00 | $0.00 |
| B. Guaranteed Payments | 11,066.00 | 11,066.00 |
| C. Depreciation | 1,717.00 | 1,717.00 |
| D. Other Deductions: | | |
| 1. License Fee | 1,803,750.00 | 0.00 |
| 2. Miscellaneous | 237,138.00 | 237,138.00 |
| Total Deductions | $2,949,153.00 | $249,921.00 |
| Total Income | 490,322.00 | 490,322.00 |
| Total Ordinary (Loss)/Income | ($2,458,831.00) | $240,401.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($7,847.00) | $268.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $329,754.00 | $329,754.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

**Derringer Oil Technology Partners 1982 - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $833,900.00 | $0.00 |
| B. Guaranteed Payments | 21,339.00 | 21,339.00 |
| C. Other Deductions: | | |
| 1. License Fee | 9,000,000.00 | 0.00 |
| 2. Miscellaneous | 361,551.00 | 361,551.00 |
| Total Deductions | $10,216,790.00 | $382,890.00 |
| Total Income | 1,134,645.00 | 1,134,645.00 |
| Total Ordinary (Loss)/Income | ($9,082,145.00) | $751,755.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($29,099.00) | $165.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $840,219.00 | $840,219.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

**Dillon Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
| --- | --- | --- |
| Adjustments to Ordinary Income: | | |
| Total Deductions | $22,777,786.00 | $5,358,169.00 |
| Total Income | 5,370,415.00 | 5,370,415.00 |
| Total Ordinary (Loss)/Income | ($17,407,371.00) | $12,246.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | $11,471.00 | $575.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $4,405,778.00 | $4,405,778.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |

**Drake Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $3,401,521.00 | $0.00 |
| B. Guaranteed Payments | 156,350.00 | 156,350.00 |
| C. Depreciation | 8,583.00 | 8,583.00 |
| D. Other Deductions: | | |
| 1. License Fee | 18,155,000.00 | 0.00 |
| 2. Miscellaneous | 1,476,651.00 | 1,476,651.00 |
| Total Deductions | $23,198,105.00 | $1,641,584.00 |
| Total Income | 3,189,395.00 | 3,189,395.00 |
| Total Ordinary (Loss)/Income | ($20,008,710.00) | $1,547,811.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($7,720.00) | $1,549.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $2,619,449.00 | $2,619,449.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

**Vanguard Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $604,236.00 | $0.00 |
| B. Guaranteed Payments | 24,152.00 | 24,152.00 |
| C. Depreciation | 1,762.00 | 1,762.00 |
| D. Other Deductions: | | |
| 1. License Fee | 3,225,000.00 | 0.00 |
| 2. Miscellaneous | 246,317.00 | 246,317.00 |
| Total Deductions | $4,101,467.00 | $272,231.00 |
| Total Income | 588,766.00 | 588,766.00 |
| Total Ordinary (Loss)/Income | ($3,512,701.00) | $316,535.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($1,138.00) | $300.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $419,992.00 | $419,992.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent Of Basis | $0.00 | $0.00 |

**Vulcan Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $993,008.00 | $0.00 |
| B. Guaranteed Payments | 41,809.00 | 41,809.00 |
| C. Depreciation | 2,575.00 | 2,575.00 |
| D. Other Deductions: | | |
| 1. License Fee | 5,300,000.00 | 0.00 |
| 2. Miscellaneous | 437,648.00 | 437,648.00 |
| Total Deductions | $6,775,040.00 | $482,032.00 |
| Total Income | 924,979.00 | 924,979.00 |
| Total Ordinary (Loss)/Income | $5,850,061.00 | $442,947.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($2,326.00) | $425.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $571,481.00 | $571,481.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

Due to concessions by Respondent, which are based on applying I.R.C. § 183 in accordance with this Court's opinion in Krause v. Commissioner, 99 T.C. 132 (1992), aff'd sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994), cert. denied, 513 U.S. 1078 and 1079, 115 S. Ct. 726 (1995), and aff'd sub nom. Hill v. Commissioner, 204 F.3d 1214 (9th Cir. 2000), certain of the adjustments set forth in the schedules above are less than those determined in the Notices of Final Partnership Administrative Adjustment upon which this case is based.

IN SUPPORT THEREOF, the Respondent respectfully states:

**History of this Proceeding**

1. For the taxable year 1983, all of the above-listed partnerships were TEFRA partnerships. Accordingly, the tax treatment of all the above-listed partnerships for the 1983 tax year is determined at the partnership level pursuant to I.R.C. Section 6221.

2. Notices of Final Partnership Administrative Adjustment for the 1983 tax year of the indicated partnerships were mailed to the Tax Matters Partner of the partnerships, pursuant to I.R.C. Section 6231(a)(7)(B), on the dates shown below:

| Partnership | Date of Mailing |
|---|---|
| Crowne Oil Technology Partners | April 15, 1987 |
| Derringer Oil Tech. Partners 1981 | March 30, 1987 |
| Derringer Oil Tech. Partners 1982 | March 30, 1987 |

| | |
|---|---|
| Dillon Oil Technology Partners | April 15, 1987 |
| Drake Oil Technology Partners | April 06, 1987 |
| Vanguard Oil Technology Partners | March 30, 1987 |
| Vulcan Oil Technology Partners | March 30, 1987 |

3. On July 2, 1987, in accordance with section 6226(a), a petition in this case was filed on behalf of the Tax Matters Partner of each of the above-listed partnerships, American Energy Resources, Inc., by its authorized representative Declan O'Donnell.

4. On August 9, 1993, Declan O'Donnell filed an involuntary bankruptcy petition naming American Energy Resources, Inc., as a debtor in the United States District Court for the District of Colorado under Chapter 7.

5. Under Temp. Treas. Reg. Section 301.6231(a)(7)-1-T(1)(4), as then in effect, and under Treas. Reg. § 301.6231 (a)(7)-1(l)(1)(iv), a designation as tax matters partner terminates when the partnership items of the tax matters partner become non-partnership items under Section 6231(c). Under I.R.C. Section 6231(c)(1)(E), partnership items become non-partnership items "in the case of other areas that the Secretary determines by regulation to present special enforcement considerations."

6. Under Treas. Reg. Section 301.6231(c)-7T(a), the Secretary has determined that special enforcement considerations are present when a partner is named as a debtor in a bankruptcy

proceeding. Accordingly, partnership items of that partner are converted to non-partnership items as of the date of the filing of the bankruptcy petition. Since the partnership items of American Energy Resources, Inc., were converted to non-partnership items as of the date of the filing of the bankruptcy petition, the designation of American Energy Resources, Inc., as Tax Matters Partner of the above-listed partnerships terminated at that same time.

7. On November 10, 1997, the Respondent filed a motion to appoint a new tax matters partner for the above-listed partnerships. By order dated, March 22, 1999, the Court appointed Louis Coppage as Tax Matters Partner of the partnerships and recognized Declan O'Donnell as counsel for Petitioner Louis Coppage.

**Efforts to Contact Tax Matters Partner Louis Coppage**

8. Until late in 1999, various consistent settlement issues ancillary to this proceeding were pending before this Court. See Vulcan Oil Technology Partners v. Commissioner, 110 T.C. 153 (1998), aff'd sub nom. Tucek v. Commissioner, 198 F.3d 259 (10th Cir. 1999) and aff'd sub nom. Drake Oil Tech. Partners v. Commissioner, 211 F.3d 1277 (10th Cir. 2000), cert. denied, ___ U.S. ___, 121 S. Ct. 180 (2000).

9. After the Tenth Circuit affirmed Vulcan in Tucek and Drake, Respondent initiated contacts with Declan O'Donnell, counsel for Petitioners herein, including Louis Coppage, the

above-listed partnerships' Tax Matters Partner, in an effort to move this case toward resolution. In various conversations between counsel for respondent and Mr. O'Donnell, Mr. O'Donnell indicated that barring possible success in pursuing the issues raised in Vulcan through a writ of certiorari, Petitioners were otherwise prepared to resolve the partnership adjustments pending in this case in accordance with the opinion in Krause.

10. During these conversations, counsel for Respondent and counsel for Petitioners discussed various mechanisms available under the Court's rules for resolving the partnerships' adjustments; however, in a conversation on July 17, 2000, Mr. O'Donnell informed Respondent that he could not contact the partnerships' Tax Matters Partner, Louis Coppage, and did not have a current phone number or address for him, or any other contact information which would enable the parties to reach Mr. Coppage.

11. Subsequent to this conversation, and with authorization from Mr. O'Donnell, counsel for Respondent attempted to obtain current contact information for Mr. Coppage and make direct contact with him.

12. After various efforts to obtain contact information for Mr. Coppage, including the use of various Internet search tools, Respondent did obtain a business phone number and address for Mr. Coppage, at the corporate offices of his business, Storage Area

Networks. Using a voice mail box which identified itself as belonging to Louis Coppage, Respondent left a detailed phone message for Mr. Coppage in August of 2000.

13. After no response was made by Mr. Coppage, Respondent again attempted to contact Mr. Coppage on September 12, 2000, with no response. In a phone conversation on September 20, 2000, Mr. O'Donnell authorized and requested Respondent to contact Mr. Coppage by letter.

14. By letter dated September 25, 2000, the Respondent wrote Mr. Coppage to inform him of his responsibilities as the tax matters partner of the Partnerships. The letter requested that Mr. Coppage contact the Respondent or Mr. O'Donnell and provide either Respondent or his counsel with his current phone number and address. A copy of this letter is attached hereto as Exhibit A.

15. The letter further stated that if Mr. Coppage was unable or unwilling to continue to function as the tax matters partner, he needed to inform either Respondent or his counsel, or in the alternative, the Court itself.

16. The letter also advised Mr. Coppage that if the Court allowed Mr. Coppage to resign as the tax matters partner, then a new tax matters partner would have to be designated and that in the event no qualified partner was willing to serve as the tax matters partner, the Court would be compelled to dismiss the

actions for lack of prosecution since the proceedings cannot proceed without a functioning tax matters partner.

17. On November 11, 2000, the Respondent had a telephone conference with Mr. O'Donnell and was informed that Mr. O'Donnell had received a letter from Mr. Douglas R. Beaty, 92 Timber Creek Drive, Suite 101, Cordova, Tennesee, 38018, stating that he represented Mr. Coppage. The letter also requested information regarding Respondent's letter of September 25, 2000.

18. On November 27, 2000, Mr. O'Donnell faxed the Respondent the letter he had received from Mr. Beaty regarding the status of the partnership proceedings. The letter also states that Mr. Coppage "is <u>not</u> inclined to continue as the tax matters partner in these proceedings." A copy of this letter is attached here to as Exhibit B.

19. On November 30, 2000, counsel for respondent contacted Mr. Beaty by phone (901-680-0888) and inquired if he had heard anything further from Mr. Coppage regarding whether Mr. Coppage would continue as tax matters partner. Mr. Beaty indicated he was still waiting for word from Mr. Coppage and did not know when he would hear from him.

20. By letter dated, December 18, 2000, the Respondent informed the Court of the status of the proceedings, including that neither the Respondent nor Mr. Coppage's own counsel of record for these proceedings, Mr. O'Donnell, had been successful

in establishing communication with Mr. Coppage and that the parties could not proceed to resolve this action without the participation of a tax matters partner. A copy of the letter was mailed to both Mr. Coppage and Mr. O'Donnell.

21. Counsel for Respondent has had no subsequent communication, whether direct or indirect, from Mr. Coppage regarding this proceeding. In a conversation on November 13, 2001, counsel for Petitioners indicated that while he had received some correspondence from Mr. Beaty, he had not received anything that would represent instructions from Mr. Coppage as to how he should proceed in this matter.

22. More recently, in the related case of Crowne Oil Technology Partners, Louis Coppage, Tax Matters Partner v. Commissioner, at Docket No. 24725-89, which involves the 1985 tax year of the same Crowne Oil Technology Partners pending here for its 1983 tax year, Respondent has served various documents on Mr. Coppage, both directly and in care of Mr. Beaty, but has had no response from Mr. Coppage. No documents mailed to Mr. Coppage at the business address in Castle Rock, Colorado, or mailed to Mr. Coppage at the Cordova, Tennessee address in care of Mr. Beaty, have been returned to respondent as undelivered.

23. For purposes of filing this motion, Respondent obtained listings from his computerized records of the partners who invested in the above-listed partnerships and whose partnership

items will be determined in this proceeding. These listings reflect the last known address for each of the listed partners. The address listed for Mr. Louis Coppage is that same Cordova, Tennesee address indicated to be Mr. Beaty's address in Mr. Beaty's letter of November 11, 2000: 92 Timber Creek Dr. #101, Cordova, TN 38018.

**Grounds for Dismissal**

24. All the mechanisms available to the parties under Tax Court Rule 248 to ultimately resolve this matter require some participation by a tax matters partner. Consequently, to continue with this action, it is essential that a functional tax matters partner be in place for each partnership that is a party to this action. Computer Programs Lambda v. Commissioner, 90 T.C. 1124, 1126 (1988).

25. The failure by Louis Coppage, current Tax Matters Partner of the partnerships, to communicate with this Court, counsel for Respondent, or even his own counsel regarding this action is clearly a failure to carry out the responsibilities of a tax matters partner, and constitutes a default on the part of the petitioning partnerships under Tax Court Rule 123 such that a decision should be entered against them.

26. Respondent has not been notified by Mr. Coppage, or any other partner of any of the partnerships, that any of the partnerships have designated a new tax matters partner, in

accordance with Treas. Reg. § 301.6231(a)(7)-1, for any of the taxable years at issue.

27. To date, counsel for Petitioners has not identified any other partners for any of the partnerships willing to serve as tax matter partner.

28. The apparent unwillingness by any other partners of the petitioning partnerships to assume the responsibilities of tax matters partner in this proceeding represents a further failure by the petitioning partnerships to properly prosecute this case and is a further ground under Tax Court Rule 123 upon which this case should be dismissed.

29. Attached as Exhibits C through I, respectively, to the original of this motion, and to the copies served on the Tax Matters Partner and counsel for Petitioners, is a list for each of the partnerships for the 1983 tax year of the partners whose

partnership items have not otherwise become nonpartnership items, including the current address for each partner:

| Exhibit No. | Name of Partnership |
|---|---|
| C | Crowne Oil Technology |
| D | Derringer Oil Tech. Partners 1981 |
| E | Derringer Oil Tech. Partners 1982 |
| F | Dillon Oil Technology Partners |
| G | Drake Oil Technology Partners |
| H | Vanguard Oil Technology Partners |
| I | Vulcan Oil Technology Partners |

(These exhibits are not included in the copies of this motion served on counsel for the participating partners.)

**The Partnership Item Adjustments That Should Be Sustained in the Court's Order of Dismissal and Decision**

30. All the material allegations of fact set forth in the petition for redetermination of partnership administrative adjustments in support of the assignments of error have been denied by Respondent's answer. No issues have been raised upon which the burden of proof is upon Respondent, and the Respondent has not conceded any error assigned in the petition for redetermination of partnership administrative adjustments.

31. No evidence has been adduced in support of the assignments of error raised in the petition.

32. Copies of the Notices of Final Partnership Administrative Adjustments upon which this case is based are attached to the petition in this case, except for Drake Oil Technology Partners and Vulcan Oil Technology Partners, for which the copies of the Notices of Final Partnership Administrative Adjustments attached to the petition are not complete. Complete copies of the Notices of Final Partnership Administrative Adjustments for Drake Oil Technology Partners and Vulcan Oil Technology Partners are attached hereto as Exhibits J and K, respectively.

33. Each of the petitioning partnerships in this case invested in one or more of the following four partnerships (the "Upper Tier Partnerships":

Oil Technology Group/Illinois Basin (also known as Illinois Basin Joint Venture);

Oil Technology Group/San Antonio (also known as San Antonio Joint Venture);

Oil Technology Group/Castaic (also known as Castaic Hills Joint Venture);

Oil Technology Group/Utah (also known as Utah Heavy Oil Project Joint Venture).

Since the Upper Tier Partnerships are each subject to separate partnership proceedings under I.R.C. §§ 6221 through 6233, the proposed adjustments to partnership items in this case, as reflected in the statements starting on page 2, above, do not include partnership items of the Upper Tier Partnerships.

34. Except with regard to Dillon Oil Technology Partners (Dillon), the proposed adjustments to partnership items in this case, as reflected in the statements starting on page 2, above, have been computed based on I.R.C. § 183 in accordance with the opinion in Krause.[1] Accordingly, the income or losses attributable to the Upper Tier Partnerships have been taken into account in the proposed adjustments under I.R.C. § 183(b). This is reflected for the 1983 tax year of each petitioning partnership, except Dillon, in an exhibit to this motion as indicated below:

| Exhibit No. | Partnership |
|---|---|
| L | Crowne Oil Technology Partners |
| M | Derringer Oil Tech. Partners 1981 |
| N | Derringer Oil Tech. Partners 1982 |
| O | Drake Oil Technology Partners |
| P | Vanguard Oil Technology Partners |
| Q | Vulcan Oil Technology Partners |

35. With regard to the 1983 tax year of Dillon, applying I.R.C. § 183 in accordance with the opinion in Krause (taking

[1] No deductions for license fees or associated interest are allowable under section 183 since the Court found in Krause that the license fees paid by the partnerships "were excessive," "did not reflect arm's-length obligations," and "are not to be recognized as legitimate obligations of the partnerships," and that the associated debt obligations "did not constitute genuine debt obligations and are to be disregarded." 99 T.C. at 175.

into account the income or losses attributable to the Upper Tier Partnerships under I.R.C. § 183(b) as reflected in attached Exhibit R) would result in an adjustment to ordinary income of $21,408,225, as shown below:

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,821,560.00 | $0.00 |
| B. Guaranteed Payments | 113,624.00 | 113,624.00 |
| C. Other Deductions: | | |
| 1. License Fee | 19,586,665.00 | 0.00 |
| 2. Miscellaneous | 1,255,937.00 | 1,255,937.00 |
| Total Deductions | $22,777,786.00 | $1,369,561.00 |
| Total Income | 5,370,415.00 | 5,370,415.00 |
| Total Ordinary (Loss)/Income | ($17,407,371.00) | $4,000,854.00 |

36. However, this adjustment would exceed the adjustment to ordinary income of $17,419,617.00 determined in Respondent's Notice of Final Partnership Administrative Adjustment for Dillon's 1983 tax year. Respondent is not here pleading for any increased adjustment to ordinary income with regard to the partnership items of Dillon. Accordingly, the adjustments to partnership items that Respondent has requested this Court to determine with regard to the 1983 tax year of Dillon (at p. 5, above) are limited to those adjustments determined in respondent's Notice of Final Partnership Administrative Adjustment.

**Respondent's Notice to Counsel for Petitioners**

37. On November 13, 2001, counsel for respondent notified counsel for Petitioners of this motion and inquired whether there was any objection to its being granted. Counsel for Petitioners indicated that he had received no instruction from Louis Coppage, Petitioners' Tax Matters Partner, on how to proceed in this action and that he could not state Petitioners' position on the motion.

WHEREFORE, Respondent requests that this motion be granted.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

By: ______________________
MARION S. FRIEDMAN
Associate Area Counsel (LMSB)
Tax Court Bar No. FM0245
8701 S. Gessner, Suite 710
Houston, Texas 77074
Telephone: (281) 721-7300

Date: DEC 19 2001

OF COUNSEL:
LINDA BURKE
Division Counsel
(Large and Mid-Size Business)
BERNARD B. NELSON
Area Counsel
(Natural Resources)

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing MOTION TO DISSMISS FOR LACK OF PROSECUTION was served on counsel for Petitioners by mailing the same on DEC 19 2001 in a postage paid wrapper addressed as follows:

Declan J. O'Donnell ✓
499 S. Larkspur Dr.
Castle Rock, CO 80104

This is to further certify that copies of the aforementioned document were served on Louis Coppage, Tax Matters Partner, by mailing the same on DEC 19 2001 in postage paid wrappers addressed as follows:

Louis Coppage
c/o Storage Area Networks
900 W. Castleton Rd.
Castle Rock, CO 80104

Louis Coppage
c/o Douglas R. Beaty, P.C.
92 Timber Creek Drive, Suite 101
Cordova, TN 38018

Louis Coppage
92 Timber Creek Drive, Suite 101
Cordova, TN 38018

This is to further certify that copies of the aforementioned document were served on counsel for the participating partners by

mailing the same on DEC 1 9 2001 in postage paid wrappers addressed as follows:

John Gigounas, Esq.
100 Pine Street
Suite 750
San Francisco, CA 94111

Dennis N. Brager, Esq.
2029 Century Park East,
Suite 2550
Los Angeles, CA 90067

Linda S. Paine
1200 Smith Street,
Suite 1400
Houston, Texas 77002

Date: DEC 1 9 2001

MARION S. FRIEDMAN
Associate Area Counsel (LMSB)
Tax Court Bar No. FM0245

Assigned - Swift

ADM. | RECORDED | SERVICE | CAL. | STAT. | S.T. JUDGE Swift | FILES

UNITED STATES TAX COURT
WASHINGTON, D.C. 20217

VULCAN OIL TECHNOLOGY PARTNERS, VANGUARD OIL TECHNOLOGY PARTNERS, DRAKE OIL TECHNOLOGY PARTNERS, DILLON OIL TECHNOLOGY PARTNERS, DERRINGER OIL TECHNOLOGY PARTNERS 1981, DERRINGER OIL TECHNOLOGY PARTNERS 1982, CROWNE OIL TECHNOLOGY PARTNERS, LOUIS COPPAGE, TAX MATTERS PARTNER,

Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No. 21530-87

"ELEKTRA/HEMISPHERE"

ORDER AND ORDER OF DISMISSAL AND DECISION

By Order dated March 22, 2002, the Court directed the partners of Crowne Oil Technology Partners, Derringer Oil Technology Partners 1981, Derringer Oil Technology Partners 1982, Dillon Oil Technology Partners, Drake Oil Technology Partners, Vanguard Oil Technology Partners, and Vulcan Oil Technology Partners for their tax year 1983, whose names and addresses appear in Exhibits C through I attached to said Order, to show cause in writing why this case should not be dismissed for failure properly to prosecute. Upon due consideration, and for cause, it is

ORDERED that the Court's show cause order dated March 22, 2002, is hereby made absolute. It is further

ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted. It is further

ORDERED AND DECIDED that the following statement shows the adjustments to the partnership items for the above-named partnerships and for the tax year as follows:

Exhibit "E"

SERVED JUN 13 2002

**Crowne Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $1,113,855.00 | $0.00 |
| B. Guaranteed Payments | 48,456.00 | 48,456.00 |
| C. Depreciation | 2,575.00 | 2,575.00 |
| D. Other Deductions: | | |
| 1. License Fee | 5,945,000.00 | 0.00 |
| 2. Miscellaneous | 470,649.00 | 470,649.00 |
| Total Deductions | $7,580,535.00 | $521,680.00 |
| Total Income | 1,050,483.00 | 1,050,483.00 |
| Total Ordinary (Loss)/Income | ($6,530,052.00) | $528,803.00 |
| Other Adjustments: | | |
| Long Term Capital Gain | $7,360.00 | $7,360.00 |
| Net Earnings from Self-Employment | ($2,416.00) | $0.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $735,965.00 | $735,965.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |

**Derringer Oil Technology Partners 1981 - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $895,482.00 | $0.00 |
| B. Guaranteed Payments | 11,066.00 | 11,066.00 |
| C. Depreciation | 1,717.00 | 1,717.00 |
| D. Other Deductions: | | |
| 1. License Fee | 1,803,750.00 | 0.00 |
| 2. Miscellaneous | 237,138.00 | 237,138.00 |
| Total Deductions | $2,949,153.00 | $249,921.00 |
| Total Income | 490,322.00 | 490,322.00 |
| Total Ordinary (Loss)/Income | ($2,458,831.00) | $240,401.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($7,847.00) | $268.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $329,754.00 | $329,754.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

**Derringer Oil Technology Partners 1982 - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $833,900.00 | $0.00 |
| B. Guaranteed Payments | 21,339.00 | 21,339.00 |
| C. Other Deductions: | | |
| 1. License Fee | 9,000,000.00 | 0.00 |
| 2. Miscellaneous | 361,551.00 | 361,551.00 |
| Total Deductions | $10,216,790.00 | $382,890.00 |
| Total Income | 1,134,645.00 | 1,134,645.00 |
| Total Ordinary (Loss)/Income | ($9,082,145.00) | $751,755.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($29,099.00) | $165.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $840,219.00 | $840,219.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

**Dillon Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| Total Deductions | $22,777,786.00 | $5,358,169.00 |
| Total Income | 5,370,415.00 | 5,370,415.00 |
| Total Ordinary (Loss)/Income | ($17,407,371.00) | $12,246.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | $11,471.00 | $575.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $4,405,778.00 | $4,405,778.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |

**Drake Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $3,401,521.00 | $0.00 |
| B. Guaranteed Payments | 156,350.00 | 156,350.00 |
| C. Depreciation | 8,583.00 | 8,583.00 |
| D. Other Deductions: | | |
| 1. License Fee | 18,155,000.00 | 0.00 |
| 2. Miscellaneous | 1,476,651.00 | 1,476,651.00 |
| Total Deductions | $23,198,105.00 | $1,641,584.00 |
| Total Income | 3,189,395.00 | 3,189,395.00 |
| Total Ordinary (Loss)/Income | ($20,008,710.00) | $1,547,811.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($7,720.00) | $1,549.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $2,619,449.00 | $2,619,449.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

**Vanguard Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $604,236.00 | $0.00 |
| B. Guaranteed Payments | 24,152.00 | 24,152.00 |
| C. Depreciation | 1,762.00 | 1,762.00 |
| D. Other Deductions: | | |
| 1. License Fee | 3,225,000.00 | 0.00 |
| 2. Miscellaneous | 246,317.00 | 246,317.00 |
| Total Deductions | $4,101,467.00 | $272,231.00 |
| Total Income | 588,766.00 | 588,766.00 |
| Total Ordinary (Loss)/Income | ($3,512,701.00) | $316,535.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($1,138.00) | $300.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $419,992.00 | $419,992.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent Of Basis | $0.00 | $0.00 |

**Vulcan Oil Technology Partners - 1983 Tax Year**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Adjustments to Ordinary Income: | | |
| A. Interest Expense | $993,008.00 | $0.00 |
| B. Guaranteed Payments | 41,809.00 | 41,809.00 |
| C. Depreciation | 2,575.00 | 2,575.00 |
| D. Other Deductions: | | |
| 1. License Fee | 5,300,000.00 | 0.00 |
| 2. Miscellaneous | 437,648.00 | 437,648.00 |
| Total Deductions | $6,775,040.00 | $482,032.00 |
| Total Income | 924,979.00 | 924,979.00 |
| Total Ordinary (Loss)/Income | $5,850,061.00 | $442,947.00 |
| Other Adjustments: | | |
| Net Earnings from Self-Employment | ($2,326.00) | $425.00 |
| Unadjusted Basis in ITC Property: | | |
| New - Other - Sec. 48(q) | $0.00 | $0.00 |
| Used - Other - Sec. 48(q) | 0.00 | 0.00 |
| Tax Preference Item: | | |
| Net Investment Income | $571,481.00 | $571,481.00 |
| Cost Depletion Oil and Gas | $0.00 | $0.00 |
| Oil and Gas Depletion to the Extent of Basis | $0.00 | $0.00 |

It is further

ORDERED that in addition to normal service, the Clerk of the Court shall serve copies of this Order and Order of Dismissal and Decision on those partners of the above-named partnerships whose names and addresses appeared in Exhibits C through I that were made a part of the Court's show cause order.

Stephen J. Swift
Judge

ENTERED: JUN 13 2002

PAGE NO-0001 IRS EMPLOYEE 0615560523

DATE REQUESTED 12-20-2004 PRINT DATE 12-20-2004

FORM NUMBER: 1040 TAX PERIOD: DEC 1983

TAXPAYER IDENTIFICATION NUMBER: [redacted]-3356
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]-4563

STEVEN J & JANIS Z KOEHLER
200 TURMAN DR
FORT COLLINS CO 80525-9375-006 BODC-SB BODCLC-W

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 10-06-2003 |
| ACCRUED PENALTY: | 0.00 | AS OF 10-06-2003 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** EXEMPTIONS: 04 **FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 85,942.40 |
| ** TAXABLE INCOME: | 74,127.40 |
| TAX PER RETURN: | 3,166.00 |

** PER RETURN OR AS ADJUSTED

07-24-1984 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
09-10-1984 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 07211-206-77339-4 | 09-10-1984 | 3,166.00 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1984 | 962.00- |
| 460 | EXTENSION OF TIME TO FILE EXT. DATE 08-15-1984 | 04-15-1984 | |
| 610 | PAYMENT WITH RETURN | 07-24-1984 | 2,301.00- |
| 196 | INTEREST ASSESSED 198435 | 09-10-1984 | 52.92 |
| 276 | FAILURE TO PAY TAX PENALTY 198435 | 09-10-1984 | 44.08 |
| 196 | INTEREST ASSESSED 198435 | 09-10-1984 | 14.32 |
| 670 | SUBSEQUENT PAYMENT | 09-19-1984 | 14.32- |
| 640 | ADVANCE PAYMENT OF DEFICIENCY | 10-20-1989 | 23,384.00- |
| 960 | RECEIVED POA/TIA | 05-03-1991 | |
| 197 | INTEREST ABATED | 02-10-1997 | 0.01- |
| 961 | REMOVED POA/TIA | 05-09-1998 | |
| 340 | RESTRICTED INTEREST ASSESSED | 06-16-2003 | 60,703.71 |

****************************CONTINUED ON NEXT PAGE*****************************

Exhibit H

PAGE NO-0002 IRS EMPLOYEE 0615560523

| | | | |
|---|---|---|---|
| | 200323 | | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION<br>29247-547-08029-3 200323 | 06-16-2003 | 19,040.00 |
| 670 | SUBSEQUENT PAYMENT | 07-10-2003 | 56,359.00- |
| 606 | UNDERPAYMENT CLEARED | 07-28-2003 | 0.70- |
| 960 | RECEIVED POA/TIA | 01-19-2004 | |

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| STEVEN J & JANIS Z KOEHLER<br>200 TURMAN DR<br><br>FORT COLLINS CO 80525-9375 | [redacted]-3356 | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1983 | Period End | Period End |
|---|---|---|---|
| A. DRAKE OIL TECHNOLOGY | $ 51,574.40 | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 51,574.40 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 22,553.00 | | |
| 4. Corrected Taxable Income | 74,127.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | JOINT | | |
| 5. Tax | 22,230.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 22,230.00 | | |
| 8. Less Credits A. INVESTMENT CREDIT | 24.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 22,206.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 22,206.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 3,166.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 19,040.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 19,040.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Exhibit I

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Taxpayer: STEVEN J & JANIS Z KOEHLER | SS or EI Number: [redacted]3356 | Return Form No. 1040 |
|---|---|---|

| Penalties | Period End 12/31/1983 | Period End | Period End |
|---|---|---|---|
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | 19,040.00 | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | 19,040.00 | | |
| B. Penalties (line 18, page 2) (computed to 02/04/2003) | | | |
| C. Interest (IRC 6601) (computed to 02/04/2003) | 85,728.51 | | |
| D. TMT Interest (computed to 02/04/2003 on TMT underpay) | 40,287.38 | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | 145,055.89 | | |

Other Information:

This is an estimate only. This does not show payments or credits. A billing will be sent, however any payments made will reduce the accruing interest.

| Examiner's Signature | District | Date |
|---|---|---|
| Ms. Gelling | Ogden Service Center | 01/04/2003 |

198312 - EXPLANATION OF INTEREST ON TAX MOTIVATED TRANSACTION

It is determined that part of the underpayment of tax is attributable to tax motivated transactions as defined under Section 6621(c) of the Internal Revenue Code. Consequently, the annual rate of interest accruing after December 31, 1984 will be a percentage of the adjusted rate established under Section 6621(c) on any substantial underpayment attributable to tax motivated transactions. Interest applying to the amount on line 5 below will be computed and assessed at the applicable percentage.

| | |
|---|---|
| 1. Total corrected tax liability, Form 4549, line 11 | 22,206.00 |
| 2. Total corrected tax liability without regard to tax motivated transactions | 3,166.00 |
| 3. Line 1 less line 2 - underpayment attributable to tax motivated transactions (0 if under $1,000) | 19,040.00 |
| 4. Tax Deficiency, Form 4549, line 13 | 19,040.00 |
| 5. Lesser of line 3 or line 4 - amount to which Section 6621(a) applies | 19,040.00 |

ADJUSTMENTS ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS:

| | |
|---|---|
| DRAKE OIL TECHNOLOGY | 51,574.40 |

312 - TAX PRD INTEREST COMPUTATION TO 02/04/2003

| | | |
|---|---|---|
| Total Tax Deficiency | | 19,040.00 |
| Plus Penalties* | | |
| -Overvaluation | 0.00 | |
| -Substantial Understatement | 0.00 | |
| -Failure to File | 0.00 | |
| -Negligence | 0.00 | |
| -Civil Fraud | 0.00 | |
| -Accuracy Penalties | 0.00 | |
| Total Penalties* | | 0.00 |
| Tax Deficiency and Penalties Subject to Interest | | 19,040.00 |

| Type | Effective Dates | Days | Rate | Regular Interest | TMT Interest** |
|---|---|---|---|---|---|
| COMPOUND | 04/15/1984-12/31/1984 | 260 | 11.00 | 1,547.26 | 0.00 |
| COMPOUND | 01/01/1985-06/30/1985 | 181 | 13.00 | 1,370.63 | 284.83 |
| COMPOUND | 07/01/1985-12/31/1985 | 184 | 11.00 | 1,251.81 | 278.34 |
| COMPOUND | 01/01/1986-06/30/1986 | 181 | 10.00 | 1,179.80 | 277.54 |
| COMPOUND | 07/01/1986-12/31/1986 | 184 | 09.00 | 1,131.89 | 279.61 |
| COMPOUND | 01/01/1987-09/30/1987 | 273 | 09.00 | 1,776.89 | 464.14 |
| COMPOUND | 10/01/1987-12/31/1987 | 92 | 10.00 | 696.71 | 190.09 |
| COMPOUND | 01/01/1988-03/31/1988 | 91 | 11.00 | 776.10 | 216.95 |
| COMPOUND | 04/01/1988-09/30/1988 | 183 | 10.00 | 1,474.92 | 427.01 |
| COMPOUND | 10/01/1988-12/31/1988 | 92 | 11.00 | 847.85 | 253.95 |
| COMPOUND | 01/01/1989-03/31/1989 | 90 | 11.00 | 854.78 | 262.12 |
| COMPOUND | 04/01/1989-09/30/1989 | 183 | 12.00 | 1,980.84 | 630.24 |
| COMPOUND | 10/01/1989-12/31/1989 | 92 | 11.00 | 953.75 | 314.48 |
| COMPOUND | 01/01/1990-12/31/1990 | 365 | 11.00 | 4,055.51 | 1,413.15 |
| COMPOUND | 01/01/1991-03/31/1991 | 90 | 11.00 | 1,070.44 | 392.61 |
| COMPOUND | 04/01/1991-12/31/1991 | 275 | 10.00 | 3,130.41 | 1,192.62 |
| COMPOUND | 01/01/1992-03/31/1992 | 91 | 09.00 | 976.10 | 384.98 |
| COMPOUND | 04/01/1992-09/30/1992 | 183 | 08.00 | 1,800.19 | 725.78 |
| COMPOUND | 10/01/1992-12/31/1992 | 92 | 07.00 | 814.99 | 335.15 |
| COMPOUND | 01/01/1993-12/31/1993 | 365 | 07.00 | 3,388.03 | 1,435.75 |
| COMPOUND | 01/01/1994-06/30/1994 | 181 | 07.00 | 1,770.12 | 776.47 |
| COMPOUND | 07/01/1994-09/30/1994 | 92 | 08.00 | 1,056.81 | 471.92 |
| COMPOUND | 10/01/1994-12/31/1994 | 92 | 09.00 | 1,214.65 | 549.94 |
| COMPOUND | 01/01/1995-03/31/1995 | 90 | 09.00 | 1,215.20 | 558.13 |
| COMPOUND | 04/01/1995-06/30/1995 | 91 | 10.00 | 1,397.76 | 651.60 |
| COMPOUND | 07/01/1995-12/31/1995 | 184 | 09.00 | 2,634.80 | 1,255.64 |
| COMPOUND | 01/01/1996-03/31/1996 | 91 | 09.00 | 1,344.20 | 654.02 |
| COMPOUND | 04/01/1996-06/30/1996 | 91 | 08.00 | 1,220.37 | 601.46 |
| COMPOUND | 07/01/1996-12/31/1996 | 184 | 09.00 | 2,868.06 | 1,441.61 |
| COMPOUND | 01/01/1997-12/31/1997 | 365 | 09.00 | 6,105.56 | 3,194.84 |
| COMPOUND | 01/01/1998-03/31/1998 | 90 | 09.00 | 1,591.83 | 859.96 |
| COMPOUND | 04/01/1998-12/31/1998 | 275 | 08.00 | 4,506.11 | 2,492.24 |
| COMPOUND | 01/01/1999-03/31/1999 | 90 | 07.00 | 1,341.22 | 757.89 |
| COMPOUND | 04/01/1999-12/31/1999 | 275 | 08.00 | 4,869.35 | 2,811.29 |
| COMPOUND | 01/01/2000-03/31/2000 | 91 | 08.00 | 1,672.39 | 986.62 |
| COMPOUND | 04/01/2000-12/31/2000 | 275 | 09.00 | 5,940.91 | 3,588.51 |
| COMPOUND | 01/01/2001-03/31/2001 | 90 | 09.00 | 2,038.82 | 1,260.76 |
| COMPOUND | 04/01/2001-06/30/2001 | 91 | 08.00 | 1,871.45 | 1,170.05 |
| COMPOUND | 07/01/2001-12/31/2001 | 184 | 07.00 | 3,403.89 | 2,158.89 |
| COMPOUND | 01/01/2002-12/31/2002 | 365 | 06.00 | 6,070.75 | 3,945.75 |

ation Number: [redacted]-3356 TOTAL 01/04/2003
5.00.00

312 - TAX PRD INTEREST COMPUTATION TO 02/04/2003 (con't)

| Type | Effective Dates | Days | Rate | Regular Interest | TMT Interest** |
|---|---|---|---|---|---|
| COMPOUND | 04/15/1984-12/31/1984 | 260 | 11.00 | 1,547.26 | 0.00 |
| | Total Interest | | | 85,728.51 | 40,287.38 |
| | Total TMT Interest | | | 40,287.38 | |
| | Total Underpayment | | | 19,040.00 | |
| | Total Penalties | | | 0.00 | |
| | Total Amount Due | | | 145,055.89 | |

Additional interest will be charged at the current rate compounded daily. Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier. Negligence and fraud penalties, if applicable, will also continue to be charged. Generally, if notice and demand is made for payment of any amount, and that amount is paid within 21 days after the date of the notice and demand, interest on the amount paid will not be charged after the date of the notice and demand. Since additional tax is due, you may want to pay it now and limit the interest and penalty charges.

* Interest on penalties became effective 7/19/1984 (1/1/1989 for Negligence and Civil Fraud) and is computed from the due date of the return unless a valid extension was filed. Extension date:

** TMT (Tax Motivated Transaction) interest is computed on the underpayment of tax attributable to such transactions for interest period after 12/31/84.

11%

2000

10 yrs

,6-A EXPLANATION OF ITEMS

| OF TAXPAYER | | YEAR/PERIOD ENDED |
|---|---|---|
| VEN J & JANIS Z KOEHLER | [redacted]3356 | 198312 |

TANDARD PARAGRAPHS:

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| DRAKE OIL TECHNOLOGY | (51,601.00) | (26.60) | 51,574.40 |

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return.

EVENT SUMMARY REPORT
TaxInterest Version 2005.2
Taxpayer Name....:
06-28-05
Taxpayer ID#....:


| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Tax | 04-17-84 | 19,040.00 | 19,040.00 |
| Deposit as bond | 10-20-89 | <23,384.00> | 10,730.09 |
| Interest Computation Date | 06-16-03 | | 33,529.88 |

(1) Balance includes any interest and penalties accrued as of the Event Date

Summary as of 06-16-03

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 19,040.00 | 0.00 | <19,040.00> | 0.00 |
| Interest | 37,873.88 | 0.00 | <4,344.00> | 33,529.88 |
| Totals | 56,913.88 | 0.00 | <23,384.00> | 33,529.88 |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-05 TVS Table

Total Interest Assessed $60,703.71
Interest Computed w/o §6621(c) 33,529.88
Interest Due to §6621(c) $27,173.83

Exhibit J