IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-222 T
(Judge Nancy B. Firestone)

LLOYD W. BAILEY et. al. (including STEVEN J. KOEHLER and JANIS Z. KOEHLER),

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

JOINT STATUS REPORT

As the Court requested in its Order of November 17, 2006, the parties report that Judge Lettow has decided a related case: *McGann v. United States*, 2008 WL 1891398 (Fed. Cl. Apr. 25, 2008) ("*McGann* II"). He held that the taxpayers were entitled to recover the amounts claimed.

**Defendant's Statement**

The defendant is considering whether to appeal the *McGann* decision, with which it strongly disagrees. If the Solicitor General decides to authorize an appeal, the decision of the appellate courts, when final, will also decide all legal issues in the present case (factual issues may remain). If he decides against appealing, the defendant suggests that this Court permit a discovery period of 4 months into the claims of the representative plaintiffs, the Koehlers. Unlike the plaintiffs, the defendant will not attempt to predict the extent of necessary discovery–and if the Solicitor does decide to appeal, any work done in the meanwhile will have been wasted. When discovery is complete, the parties will file dispositive briefs on the

issues–both the jurisdictional issue and the merits of the claims.[1] The parties will file a status report within seven days of the day on which the Solicitor decides whether to appeal *McGann*.

**Plaintiffs' Statement**

The plaintiffs suggest that a 3 month discovery schedule with resulting dispositive motions be set at the Court's earliest convenience. The plaintiffs anticipate that like *McGann* the discovery in this case will be limited to the exchange of documents and that there are no factual issues in dispute that would require additional discovery. The plaintiffs see no reason to delay the discovery phase of this case until after the Solicitor General decides whether or not to pursue an appeal in *McGann*.

An appeal of *McGann* could address two general issues: the government's jurisdictional challenge rejected by Judge Lettow in *McGann v. United States*, 76 Fed.Cl. 745 (2007) ("*McGann* I"), and Judge Lettow's holding in *McGann* II that the McGanns are entitled to their refund on the merits of their claim.

*Bartimmo v. United States*, 525 F.Supp.2d 879 (S.D.Tex. 2007), *appeal dismissed*, No. 08-20060 (5th Cir. March 12, 2008) arose from the same operative facts as *McGann* and the case at bar. All plaintiffs were partners in one or more partnerships in the Elektra partnership group, all were subject to the same partnership-level Tax Court case, and all challenged the IRS's subsequent imposition of the penalty interest rate under former §6621(c). In *Bartimmo* the Southern District of Texas rejected the same jurisdictional argument asserted by the government

---

[1] The defendant notes that the plaintiffs spend several paragraphs of their statement arguing the merits of their case (complete with citations) and predicting the course of a possible appeal in *McGann*. The defendant disagrees with their arguments, which are inappropriate in a status report.

and rejected by Judge Lettow in *McGann* I. The Southern District of Texas then held for the Bartimmos on the merits of their claim, *i.e.*, that the default decision entered in the partnership-level Tax Court case failed to establish the pre-requisites mandated by statute and regulation for the imposition of the §6621(c) penalty interest rate. The government appealed the *Bartimmo* decision and on March 12, 2008, on instructions from the Solicitor General, the government voluntarily dismissed that appeal.

In *Mellina v. United States*, 518 F. Supp.2d 825 (N.D.Tex., 2007), *appeal dismissed*, No. 07-11302 (5th Cir. March 7, 2008), the Northern District of Texas reviewed a partner's §6621(c) claim related to another partnership group and rejected the same jurisdictional argument asserted by the government in *Bartimmo* and *McGann* I. The government appealed the *Mellina* decision and on March 7, 2008, on instructions from the Solicitor General, the government voluntarily dismissed that appeal.

The plaintiffs anticipate that, as in *Bartimmo* and *Mellina*, the government will file a protective appeal in *McGann* and that the Solicitor General will ultimately decide to dismiss that protective appeal also. Therefore, the plaintiffs see no reason to delay the discovery phase of this case until after the Solicitor General has made his decision, especially considering that discovery will almost certainly be limited to an exchange of documents, most of which have already been filed with this Court. See Plaintiffs' Exhibits S and T filed with Document No. 15 in the record of this case. Should the government determine it needs additional fact discovery then the plaintiffs will not oppose any reasonable extension of the discovery time.

The plaintiffs' attorney has agreed that the defendant's trial attorney may file this status report as a joint filing.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Justice Department (Tax)
P. O. Box 26; Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM, Assistant Chief

s/ Steven I. Frahm
Of counsel

May 7, 2008